[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14483
Non-Argument Calendar
_____

D. C. Docket No. 96-00029-CR-D-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALFRED HENDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(May 23, 2007)**

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

James Alfred Henderson appeals his 24-month sentence for violation of his supervised release, imposed pursuant to 18 U.S.C. § 3583(g).[1]  On appeal, he argues that the district court erred when imposing his sentence by failing to consider the factors set forth in 18 U.S.C. § 3553(a) and to state its reasons for the sentence, as required by 18 U.S.C. § 3553(c)(1).  For the reasons set forth more fully below, we vacate Henderson's sentence and remand to the district court for further findings.

In February 2006, Henderson's probation officer petitioned the district court to issue a summons for Henderson on the grounds that Henderson had committed the following three violations of the mandatory conditions of his supervised release: (1) Henderson was charged with the offense of possession of cocaine; (2) Henderson was charged with the offense of resisting arrest; and (3) Henderson illegally possessed a controlled substance.  In May 2006, the probation officer filed an amended petition for issuance of a summons, adding that Henderson had committed another violation of the mandatory conditions of his supervised release, namely, that he had sustained an additional charge for the offense of possession of

---

[1]Henderson pleaded guilty in 1996 to conspiracy to possess with the intent to distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. § 846, and was sentenced to 120 months' imprisonment followed by 5 years' of supervised release.  As conditions of his supervised release, Henderson was prohibited from committing another federal, state, or local crime, and from illegally possessing a controlled substance.  Henderson had been released from custody and was serving his term of supervised release when the facts underlying the instant appeal arose.

cocaine.

At his revocation hearing, Henderson denied guilt as to each of the four violations that the probation officer had alleged. After both parties had presented evidence, the district court determined that Henderson was guilty of the three counts as charged in the probation officer's February 2006 petition, but that Henderson was not guilty of the fourth charge, as presented in the May 2006 amended petition. The court concluded that Henderson had committed Grade B violations of his supervised release and that his criminal history category was II, as it was calculated in his presentence investigation report ("PSI") that was prepared for his underlying offense.[2] The court then revoked Henderson's supervised release pursuant to 18 U.S.C. § 3583(g) based upon its determination that Henderson had committed the offense of possession of a controlled substance. As to the term of imprisonment that Henderson should serve upon the revocation of

_____

[2]Pursuant to the policy statements in Chapter 7 of the Sentencing Guidelines, "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year" is a Grade B violation of supervised release. U.S.S.G. § 7B1.1(a)(2). As calculated in Henderson's PSI, which was prepared for his sentencing on his underlying offense, Henderson's criminal history category was II. See U.S.S.G. § 7B1.4(a) (indicating that the applicable criminal history category used in calculating a defendant's guideline range after revocation of supervised release "is the category applicable at the time the defendant originally was sentenced to a term of supervision"). Henderson does not contest the court's finding that his violations constitute Grade B violations of his supervision or that his prior criminal history category was II. According to the 2005 Sentencing Guidelines manual, Grade B violations and a criminal history category of II would have resulted in a guideline range for Henderson's term of imprisonment after revocation of his supervised release of 6 to 12 months' imprisonment. U.S.S.G. § 7B1.4(a). However, as discussed below, the district court never explicitly indicated Henderson's applicable guideline range, nor do the parties provide it on appeal.

3

his supervised release, his counsel requested one of the following sentences: either (1) a term of home arrest; (2) a term of custody at a halfway house; or (3) a term of imprisonment of one year and one day. Henderson's counsel argued that, with the exception of a few late filings of his monthly reports, Henderson had not violated the terms of his supervised release until the instant offenses. His counsel further claimed that Henderson had opened a business and did not have a drug problem. His counsel maintained that a sentence of two years' imprisonment was "simply greater than necessary."

After revoking Henderson's supervised release, the court imposed a 24-month term of imprisonment. The court then stated that it had "taken into consideration the policy statements in chapter seven of the guidelines manual, the guideline range, and all relevant information in imposing a sentence of 24 months." The court made no further comment regarding Henderson's sentence. The court then clarified an issue with regard to Henderson's bond amount and ordered the court in recess, but failed to inquire whether the parties had any further objections with regard to Henderson's sentence.

## A. **Jones** violation

According to United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled in part on other grounds, United States v. Morrill, 984 F.2d 1136 (11th

Cir. 1993), a district court, after imposing a sentence, must give an additional opportunity to parties to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced. Jones, 899 F.2d at 1102. We have clarified that the Jones rule applies to supervised release revocation proceedings. United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007). "Under this rule, when a district court fails to elicit objections after imposing a sentence, we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections. A remand is unnecessary, however, when the record on appeal is sufficient to enable review." Id. at 1347 (citation omitted).

Henderson does not argue on appeal that the district court failed to elicit objections as required by Jones, nor does the government raise the issue. The government does argue, however, that Henderson failed to object and raise his arguments before the district court, and, thus, this Court should employ plain error review. Given the government's assertion that Henderson did not preserve his arguments, we must first determine whether the district court properly allowed Henderson the opportunity to present his objections to his sentence.

At Henderson's revocation hearing, the district court imposed Henderson's 24-month imprisonment term, questioned the parties with regard to Henderson's

5

applicable bond amount, and then indicated that the court was in recess until further order. At no time did the court elicit any objections to the sentence as imposed. Henderson did not raise the sentencing issues that he now raises on appeal. Therefore, the district court violated <u>Jones</u> by failing to elicit objections from Henderson after imposing his sentence for the revocation of his supervised release. The question of whether the record on appeal is sufficient to enable review of either of the two issues presented in Henderson's brief, thereby making remand because of the technical <u>Jones</u> violation unnecessary, is discussed more fully below.

## B. Consideration of § 3553(a) factors

Henderson argues that the district court violated § 3553(a) by failing to consider its various factors in imposing his 24-month sentence. Henderson contends that he made arguments at the revocation hearing regarding many of the § 3553(a) factors, but that the court erroneously failed to discuss or respond to those arguments. He also argues that his sentence was greater than necessary to meet the purposes of § 3553(a)(2). In so arguing, Henderson appears to concede that his sentence was within the applicable guideline range, but he does not make this entirely clear nor does he indicate his actual guideline range. He nonetheless argues that the only factor that the court considered was his guideline range and

6

that the court's singularly focused analysis was erroneous. He further maintains that, in light of his history and the circumstances of his violation, his sentence was greater than necessary to achieve the goals of sentencing.

We review the sentence imposed upon revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The government argues here that plain error review should apply because Henderson failed to object to his sentence before the district court. However, as explained above, the district court violated Jones by failing to elicit objections after it imposed Henderson's sentence. Therefore, we review Henderson's sentence for reasonableness, as if his arguments were preserved below. See Campbell, 473 F.3d at 1348 (concluding that an appellant had not waived his sentencing argument where the district court failed to comply with the Jones rule).

Pursuant to 18 U.S.C. § 3583(g), the revocation of a defendant's supervised release is mandatory if the defendant unlawfully possessed a controlled substance while serving his term of supervised release. 18 U.S.C. § 3583(g)(1). Here, the court found that Henderson had possessed a controlled substance, and, thus, revoked his supervised release explicitly pursuant to § 3583(g). If a district court finds that the defendant unlawfully possessed a controlled substance, the court must revoke his term of supervised release and impose a term of imprisonment

7

"not to exceed the maximum term of imprisonment authorized under"

§ 3583(e)(3). 18 U.S.C. § 3583(g). According to subsection (e)(3), "if the offense

that resulted in the term of supervised release is a class A felony," the court cannot

sentence the defendant to serve more than five years' imprisonment upon the

revocation of his supervised release. 18 U.S.C. § 3583(e)(3). In Henderson's case,

his underlying offense of conspiracy to possess with the intent to distribute

marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A),

was a class A felony because it carried a maximum imprisonment term of life. 18

U.S.C. § 3559(a)(1). Therefore, the maximum term of imprisonment for

Henderson's revocation of his supervised release was five years.

With regard to Henderson's applicable guideline range upon the revocation

of his supervised release, the policy statements in Chapter Seven of the Sentencing

Guidelines indicate that a defendant with a Grade B violation of his supervised

release, and an underlying criminal history category of II, has a resulting guideline

range of 6 to 12 months' imprisonment. See U.S.S.G. § 7B1.4(a). As explained

above, the district court found, and Henderson did not dispute, that he had

committed Grade B violations of his supervised release and that he had an

underlying criminal history category of II.[3] However, in sentencing Henderson,

_____

[3]At his revocation hearing, Henderson denied the probation officer's charge that he
violated the conditions of his supervised release by possessing cocaine. Henderson does not

the district court did not explicitly state Henderson's guideline range, nor did the parties indicate the applicable range. Even though review of § 7B1.4(a) appears to indicate that Henderson's guideline range was 6 to 12 months, Henderson seemingly concedes on appeal that his ultimate sentence of 24 months' imprisonment was within his guideline range. Thus, to the extent that the district court erred in calculating Henderson's guideline range, he has abandoned that issue on appeal. See Cunningham, 161 F.3d at 1344.

At the revocation hearing, the court gave only a very brief discussion of its decision-making process regarding imposition of the 24-month sentence, and failed to elicit objections after it imposed the sentence, as required in Jones. Therefore, the record is insufficient to enable review of Henderson's arguments regarding the § 3553(a) factors. As such, we vacate Henderson's sentence, under Jones, and remand to the district court for the court to elicit objections and to address Henderson's § 3553(a) concerns.

## C. 18 U.S.C. § 3553(c)(1)

Henderson also argues that the district court's broad and vague statement regarding its imposition of the 24-month sentence was insufficient to comply with

---

raise the argument on appeal that the district court erred by finding that he violated the conditions of his supervised release. Therefore, he has abandoned it. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998) (holding that the defendant abandoned an issue on appeal by failing to offer any argument on the issue).

§ 3553(c)(1). He maintains that it is impossible to discern what reasons the court had for imposing the sentence and that the court's failure to respond to his counsel's arguments for a lower sentence further complicated the analysis of why the court imposed the sentence of 24 months' imprisonment. Henderson further argues that the court's broad statement did not provide any means for this Court to conduct a meaningful appellate review of the court's sentencing decision.

We review de novo whether a district court complied with § 3553(c)(1). United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006). Pursuant to § 3553(c)(1), the sentencing court shall state the reason for imposing a particular sentence within the guideline range, if the sentence "is of the kind, and within the [recommended guideline] range . . . and that range exceeds 24 months . . . ." 18 U.S.C. § 3553(c)(1).

Here, the district court found that Henderson had committed a Grade B violation of his supervised release and that his underlying criminal history category was II. The court thus revoked his sentence pursuant to the mandatory revocation provision of § 3583(g). Thereafter, the court imposed a 24-month term of imprisonment and stated it had "taken into consideration the policy statements in chapter seven of the guidelines manual, the guideline range, and all relevant information in imposing a sentence of 24 months." The problem in this case arises

due to the court's failure to explicitly specify Henderson's exact guideline range and whether the 24-month sentence was within or outside of that range. Based upon an independent review of the chapter seven policy statements, it is clear that, if a defendant committed a Grade B violation of his supervised release and had an underlying criminal history category of II, then his resulting guideline range would be 6 to 12 months' imprisonment. See U.S.S.G. § 7B1.4(a). As such, it appears that Henderson's 24-month sentence exceeded his guideline range. The consequence of such a sentence is that, rather than having to comply with § 3553(c)(1), which specifically relates to sentences within the guideline range, the court would have been required to comply with § 3553(c)(2). See 18 U.S.C. § 3553(c)(2) (requiring that, if a sentence is outside of the guideline range, the sentencing court must state "the specific reason for the imposition of a sentence [outside of the guideline range], which reasons must also be stated with specificity in the written order of judgment and commitment").

If, in fact, Henderson was sentenced outside of his guideline range, then § 3553(c)(1) would not have applied to his sentence, and, therefore, his arguments on appeal, which rely exclusively on § 3553(c)(1), would be misplaced. However, given that (1) the court never indicated what Henderson's guideline range was; (2) Henderson seemingly proceeds on appeal as if he was sentenced within his

11

guideline range; (3) the government fails to indicate what it believed the guideline range to be or whether Henderson's sentence fell within that range; and (4) the top-end of the guideline range applicable to Henderson's circumstances of having a Grade B violation and a criminal history category of II is 12 months below his actual sentence, we cannot determine which subsection, either § 3553(c)(1) or (c)(2), applies here. Because the district court failed to elicit objections to the sentence after it was imposed, in violation of <u>Jones</u>, the parties had no opportunity to inform the court of the potential error and allow the court to clarify the guideline range upon which it relied. It is essential that this Court know the applicable guideline range because it is the range that determines whether § 3553(c)(1) applies to Henderson's case, as he argues on appeal. Accordingly, we vacate and remand based upon the <u>Jones</u> violation, to afford the district court the opportunity to clarify the applicable guideline range and to allow the parties on remand to raise their objections to the sentence as imposed.

In light of the foregoing, Henderson's 24-month sentence is

**VACATED AND REMANDED.**