[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12241
Non-Argument Calendar

_____

D. C. Docket No. 05-60315-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVARISTO YANEZ-CORBO,
a.k.a. Roberto Nunez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 27, 2007)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Evaristo Yanez-Corbo appeals his 42-month sentence for use and traffic in

one or more counterfeit devices in violation of 18 U.S.C. § 1029(a)(1), use of one or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2), and possession of 19 counterfeit credit cards in violation of 18 U.S.C. § 1029(a)(3). At the sentencing hearing, the district court calculated Yanez-Corbo's total adjusted offense level at 12, with a Criminal History Category of III. As a result, Yanez-Corbo was subject to a sentencing range of 15-21 months under the Sentencing Guidelines. Nevertheless, the district court varied from the Guidelines and sentenced Yanez-Corbo to 42 months' imprisonment.

On appeal, Yanez-Corbo argues that his sentence was unreasonable because it did not comply with the principles set forth in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). First, he argues that the district court's sentence was not consistent with 18 U.S.C. § 3553(a) because the court placed disproportionate weight on Yanez-Corbo's criminal history, which, apart from an attempted bombing offense, involved relatively minor offenses that took place over thirty years ago. Second, he argues that the district court's upward variance under § 3553(a) was "in effect" an upward departure for underrepresentation of his criminal history under the Guidelines, see U.S.S.G. § 4A1.3 (2005), imposed without following the procedural requirements for granting an upward departure. Third, he argues that the district court did not

2

sufficiently elicit objections at the conclusion of sentencing because the court merely asked if there were objections as to reasonableness but did not ask if there were objections to the sentence or the manner in which it was imposed as required by United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds sub. nom. United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993) (en banc).

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Our review for reasonableness is deferential. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). We consider the factors outlined in 18 U.S.C. § 3553(a), and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). "[T]here is a range of

3

reasonable sentences from which the district court may choose[,]" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. (Id. at 788). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and this Court will not "substitute [its] judgment in weighing the relevant factors because [its] review is not de novo." Williams, 456 F.3d at 1363 (citation and quotation marks omitted).

> When reviewing the length of a sentence for reasonableness, [this Court] will remand for resentencing if [it is] left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case.

(Id.). Here, the district court considered the § 3553(a) factors. In its discussion, the district court particularly emphasized the possibility of recidivism and Yanez-Corbo's prior criminal history. The district court also stated that "a sentence longer than the guidelines would promote respect for the law." While the district court did not expressly discuss each of the § 3553(a) factors, "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005). The district court did not clearly err by emphasizing one factor, Yanez-Corbo's prior

4

criminal history, because "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." Williams, 456 F.3d at 1363. Furthermore, the record shows that Yanez-Corbo has an extensive history of criminal behavior, which includes, but is not limited to, drug-related offenses, an attempted bombing, and larceny.[1]

Nor did the district court err when it imposed a sentence outside the Guidelines range without following the requisite procedures for an upward departure under U.S.S.G. § 4A1.3 (2005). Because Yanez-Corbo did not raise this argument below, we review it for plain error. See United States v. Raad, 406 F.3d 1322, 1323 (11th Cir.), cert. denied, 126 S.Ct. 196 (2005). We have already considered and rejected the argument that the district court's election of an upward variance over an upward departure–and the fewer procedural requirements entailed by such a choice–amounts to plain error. See United States v. Moton, No. 06-14435, slip op. at 7-11 (11th Cir. April 4, 2007) (unpublished). We did so in light of our decision in United States v. Irizarry, 458 F.3d 1208 (11th Cir. 2006), where we held that the advance notice for upward departures required by Rule 32(h) of the Federal Rules of Criminal Procedure need not be given when the district court

---

[1] The district court's reference to an "auto theft" when discussing Yanez-Corbo's criminal history at the sentencing hearing did not render the sentence unreasonable. Although Yanez-Corbo was never convicted of auto theft, he was convicted of possession of a stolen car.

chooses to impose an upward variance under § 3553(a). Id. at 1212. As we noted in Moton, accepting the argument that district courts must always choose guided departures over § 3553(a) variances is inconsistent with Irizarry: because any circumstance "relevant to determining the appropriate sentence" may be used to justify a departure, U.S.S.G. § 5K2.0(a)(2)(A), a departure may always be used in place of a variance, and thus the procedures for departures would be required in every case. Irizarry clearly does not contemplate such a result. Given this inconsistency, any error from failing to follow the Guidelines procedures before imposing the variance could not be plain. See United States v. White, 416 F.3d 1313, 1319 (11th Cir.2005) ("An error cannot meet the 'plain' requirement of the plain error rule if it is not clear under current law." (internal quotation omitted)).

Yanez-Corbo's argument that the district court failed to elicit objections apart from those having to do with the reasonableness of the sentence is contradicted by the record. Yanez-Corbo relies on Jones, in which this Court required district courts to provide an opportunity for the parties to "object to the district court's ultimate findings of fact and conclusions of law and to the manner in which the sentence is pronounced." 889 F.2d at 1102. Yanez-Corbo is incorrect in his assertion that the district court "asked merely if the defendant objected to the reasonableness of the sentence." After asking if there were objections to

6

reasonableness, the district court asked, "Any objection from the defense?" Yanez-Corbo's trial counsel then responded, "Other than the reasonableness of it, no." As is clear from this exchange, the district court provided an opportunity for Yanez-Corbo to raise objections, an opportunity he declined. There was no error.

Finally, we note that the statutory maximum penalty for each of Yanez-Corbo's offenses is 10 years' imprisonment, and the district court was bound only by the ceiling imposed by the statute. 18 U.S.C. § 1029(c)(1)(A)(i); United States v. Duncan, 400 F.3d 1297, 1308 (11th Cir. 2005) (recognizing that the statutory maximum sentence, not the guideline sentence, is the maximum sentence permitted by law). Yanez-Corbo's total sentence of 42 months' imprisonment is far less than the statutory maximum he could have received for each of his offenses. Upon review of the record and the parties' brief on appeal, there is no evidence that the district court committed a clear error of judgment in applying the § 3553(a) factors. Yanez-Corbo's sentence was reasonable and, accordingly, we affirm.

**AFFIRMED.**