[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16400
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2011
JOHN LEY
CLERK

D. C. Docket No. 05-00308-CR-LSC-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RADANIS MYSHON KIRKSEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 2, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Radanis Myshon Kirksey appeals his 24-month sentence imposed upon

revocation of supervised release. Kirksey argues that the district court violated

United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990), overruled on other

grounds by United States v. Morrill, 984 F.2d 1136, 1137–38 (11th Cir. 1993), in

failing to elicit objections from him after the imposition of his sentence. Kirksey

also argues that his sentence is substantively unreasonable. After careful review of

the record and the parties' briefs, we affirm.

I.

We first consider Kirksey's argument that the district court erred by failing

to elicit objections after the imposition of his sentence. In Jones, we established a

rule requiring district courts to "elicit fully articulated objections, following

imposition of sentence, to the court's ultimate findings of fact and conclusions of

law," as well as to "the manner in which the sentence is pronounced." Jones, 899

F.2d at 1102. We later extended the objection-elicitation requirement of Jones to

revocation of supervised release proceedings. United States v. Campbell, 473 F.3d

1345, 1348 (11th Cir. 2007).

In this case, the district court did not expressly elicit objections after

imposing Kirksey's sentence. Instead, the district court merely asked Kirksey:

"Anything else? Any other question?" Kirksey answered: "No." "In applying the

Jones rule, this court has held that when the district court merely asks if there is

2

'anything further?' or 'anything else?' and neither party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated Jones." Id. We therefore conclude that the district court violated Jones. Indeed, the government concedes the Jones violation, but argues that this Court should still affirm Kirksey's sentence because the record is sufficient for meaningful appellate review of the substantive reasonableness of Kirksey's sentence. See id. at 1347. Normally, "[w]here the district court has not elicited fully articulated objections following the imposition of sentence, this court will vacate the sentence and remand for further sentencing in order to give the parties an opportunity to raise and explain their objections." Jones, 899 F.2d at 1103. "A remand is unnecessary, however, when the record on appeal is sufficient to enable review." Campbell, 473 F.3d at 1347. We find that the record with respect to this issue would not be further developed in any significant way upon remand. As such, we turn now to the merits of Kirksey's claim that his sentence is substantively unreasonable.

## II.

Kirksey argues that his sentence is substantively unreasonable because the district court failed to consider his rehabilitative needs, as well as other forms of punishment such as extending the term of his supervised release or sentencing him

3

to home detention.  A sentence imposed upon the revocation of supervised release is reviewed for reasonableness.  United States v. Sweeting, 437 F.3d 1105, 1106–07 (11th Cir. 2006).  We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

When imposing a sentence upon revocation of supervised release, the court must consider the following factors set forth in 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence; (3) the need to protect the public; (4) the need to provide the defendant with educational or vocational training or medical care; (5) the sentencing guideline range and pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims.  See 18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)).  We consider the final sentence in its entirety in light of the § 3553(a) factors, United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006), and are mindful that the district court is "permitted to attach great weight to one factor over others," United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009) (quotation marks omitted).

4

In reviewing sentences imposed for a violation of supervised release, we are mindful that the guidelines for such sentences were never considered mandatory. United States v. Silva, 443 F.3d 795, 799 (11th Cir. 2006) ("We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding."). Indeed, the Commentary in Chapter 7 of the United States Sentencing Guidelines recognizes that a district judge may be inclined to consider the sentence she imposed on the original conviction when imposing a sentence for a supervised release violation. See, e.g., U.S.S.G. § 7B1.4 cmt. n.4 (Nov. 1, 2009) ("Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure [in the sentence for the supervised release violation] may be warranted.").

Nevertheless, even when punishing a supervised release violation, the district court "must give 'serious consideration' to the extent of any departure from the guidelines, and must offer 'sufficient justifications' for its conclusion that an unusually harsh or light sentence is appropriate." United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc). If the sentence imposed lies outside of the guideline range, the degree of the variance is relevant to the substantive

reasonableness of the sentence and, in general, "a major departure should be supported by a more significant justification than a minor one." Gall, 552 U.S. at 50, 128 S. Ct. at 597. But we "may not apply a presumption of unreasonableness" to a sentence outside the guideline range, and we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. at 51, 128 S.Ct. at 597.

We observe that Kirksey's 24-month sentence is the maximum allowed by statute,[1] and also represents a significant upward variance from the advisory guideline range of 6 to 12 months imprisonment.[2] But we cannot say that this sentence is unreasonable given Kirksey's extensive criminal record, and his repeated failure to comply with the conditions of his supervised release. In explaining the variance from the guideline range, the district judge told Kirksey: "I just don't think [the guideline range is] appropriate in your case." In imposing a 24-month sentence instead, the court noted that Kirksey had a "horrible record," with a "world of convictions." Indeed, Kirksey's criminal history reveals over twenty adult convictions before his underlying 18 U.S.C. § 922(g)(1) conviction in

---

[1] See 18 U.S.C. § 3583(e)(3). Kirksey's original conviction was for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), which is a Class C felony. See 18 U.S.C. § 924(a)(2); 18 U.S.C. § 3559(a)(3).

[2] See U.S.S.G. § 7B1.4(a). Kirksey had a criminal history category of IV at his original sentencing and the violations of his supervised release were class C violations.

this case, most of which did not result in criminal history points and therefore were not reflected in the guideline range.

Moreover, we reject Kirksey's assertion that the sentence failed to account for his rehabilitative needs and the other available forms of punishment. To the contrary, prior to revoking Kirksey's supervised release, the district court twice elected to continue Kirksey's revocation hearing for six months following earlier violations of his supervised release, primarily to ensure that Kirksey was attending drug rehabilitation programs and submitting to drug screens. The district court only revoked Kirksey's supervised release and imposed a maximum term of imprisonment after Kirksey consistently failed to follow the terms of his supervised release and committed multiple additional violations. On these facts, we cannot say that the district court abused its discretion in sentencing Kirksey to 24 months imprisonment.

For all of these reasons, we affirm Kirksey's sentence.

**AFFIRMED.**