**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alfred Octave MORRILL, Jr.,
Defendant–Appellant.**

No. 91–8386.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1993.

H. Bradford Morris, Jr., Gainesville, GA (court-appointed), for defendant-appellant.

Caroly J. Adams, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, HATCHETT, ANDERSON, EDMONDSON, COX, BIRCH, DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Whether a bank teller is *per se* a vulnerable victim under section 3A1.1 of the federal Sentencing Guidelines is the sole issue in this case. That section instructs sentencing judges:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase [the defendant's offense level] by 2 levels.

U.S.S.G. § 3A1.1 (Nov. 1990).[1] We hold that bank tellers, as a group, are not "otherwise particularly susceptible" to bank robbery within the meaning of the Guidelines.

### I.

Appellant Morrill pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). In computing Morrill's sentence under the Guidelines, the district court properly determined his base offense level for robbery and assessed a two-level enhancement for robbery of a financial institution. *See* U.S.S.G. §§ 2B3.1(a) & (b)(1). Then, applying section 3A1.1, the court found that a bank teller is a vulnerable victim. It accordingly further increased Morrill's offense level by two. The court sentenced Morrill to eighty-four months imprisonment.[2]

On appeal, Morrill challenged the propriety of the two-level enhancement under section 3A1.1. A panel of this court, bound by circuit precedent in *United States v. Jones,* 899 F.2d 1097 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), affirmed. *United States v. Morrill,* 963 F.2d 386 (11th Cir. 1992) (unpublished opinion). *Jones* had held that bank tellers are particularly susceptible to the offense of larceny and thus are vulnerable victims under section 3A1.1. 899 F.2d at 1100. The Supreme Court granted Morrill's petition for certiorari, vacated the judgment, and remanded the case to this court for further consideration in light of the position taken by the Solicitor General in his brief to the Court on behalf of the United States. *Morrill v. United States,* —— U.S. ——, 113 S.Ct. 955, 122 L.Ed.2d 113 (1993). Because a panel cannot overturn circuit precedent, we voted the case en banc. We now hold that bank tellers, as a class, are not vulnerable victims within the meaning of section 3A1.1. To the extent that *Jones* holds to the contrary, that case is overruled.

As the Solicitor General points out, section 3A1.1 was intended to apply only when the special vulnerability of the victim makes the *offender* more culpable than he otherwise would be in committing the particular offense. *See, e.g.,* U.S.S.G. § 3A1.1, comment. (nn. 1, 2) (Nov. 1990); *United States v. Davis,* 967 F.2d 516, 524 (11th Cir.1992); *United States v. Paige,* 923 F.2d 112, 113–14 (8th Cir.1991); *United States v. Wilson,* 913 F.2d 136, 137–38 (4th Cir. 1990); *United States v. Moree,* 897 F.2d 1329, 1335 (5th Cir.1990). When circumstances "differentiate the victim from the typical victim of that particular crime, so that the defendant's conduct was more culpable than that of the typical perpetrator of that crime," enhancement under section 3A1.1 is justified because the defendant's offense level does not otherwise account

---

1. Our disposition of this case is based on the Sentencing Guidelines text and commentary in effect during April 1991, when Morrill was sentenced. *See* 18 U.S.C. § 3553(a)(5) (1988); *United States v. Dedeker,* 961 F.2d 164, 165 n. 2 (11th Cir.1992); *infra* note 4.

2. Morrill's sentence also reflected a two-level reduction for acceptance of responsibility and an enhancement on account of his criminal history category.

for his heightened culpability. Brief for the United States at 4, *Morrill*, No. 92–6031. In contrast, when the victim is the typical victim of the crime, a section 3A1.1 enhancement is improperly duplicative because the defendant's offense level already accounts fully for the level of culpability which the Sentencing Commission ascribed to that crime. *See, e.g.*, U.S.S.G. § 3A1.1, comment. (n. 2) (Nov. 1990) ("Do not apply this adjustment if the offense guideline specifically incorporates this factor.").

■ The Sentencing Guidelines specifically contemplate the crime of bank robbery and account for the culpability of bank robbers. *See* U.S.S.G. § 2B3.1(b)(1). Bank tellers are typical victims of bank robberies; many, if not most, bank robberies are perpetrated against bank tellers.[3] *See* Brief for the United States at 7, *Morrill*, No. 92–6031. Thus, bank tellers, *as a class*, are not vulnerable victims within the meaning of section 3A1.1.[4] This is not to say that bank tellers in individual cases never may be particularly susceptible or otherwise vulnerable victims of a bank robbery. Enhancement is appropriate under section 3A1.1 when a particular teller-victim possesses unique characteristics which make him or her more vulnerable or susceptible to robbery than ordinary bank robbery victims and thus make the particular bank robber more culpable than the ordinary perpetrator. *See, e.g.*, U.S.S.G. § 3A1.1 comment. (n. 1) (Nov.1990) (noting that enhancement would apply in a robbery when the defendant selected a handicapped victim). A bank teller is not, however, automatically vulnerable by virtue of his or her position as a teller.[5]

---

**3.** The *Jones* court did not hold to the contrary. It simply held that bank tellers are particularly susceptible to robbery without considering that for the purposes of section 3A1.1 "particular susceptibility" means "more susceptible than the typical victim of that particular crime." 899 F.2d 1100.

**4.** Further support for this conclusion is that in 1992 the Sentencing Commission amended the commentary to section 3A1.1 to state explicitly: "[A] bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank." U.S.S.G. § 3A1.1 comment. (n. 1) (Nov. 1992). We do not rely on this commentary as direct authority for our holding; we

## II.

The district court erroneously assessed a section 3A1.1 enhancement against Morrill on the ground that the victim of his crime was a bank teller. Accordingly, we reverse Morrill's sentence and remand the case to the district court for resentencing consistent with this opinion.

REVERSED and REMANDED.

---

recognize that the retroactivity of the Guidelines' commentary is a question currently pending before the Supreme Court. *See Stinson v. United States*, 957 F.2d 813, 815 (11th Cir.), *cert. granted*, ⸺ U.S. ⸺, 113 S.Ct. 459, 121 L.Ed.2d 368 (1992). Rather, we cite the commentary simply as additional persuasive authority.

**5.** Our holding is consistent with *United States v. Long*, 935 F.2d 1207 (11th Cir.1991), in which a panel of this court warned that "[s]weeping presumptions are not favored by section 3A1.1" and that "the inquiry conducted by a sentencing judge to determine the applicability of section 3A1.1 is ... highly case-specific." *Id.* at 1210.