UNITED STATES of America, Plaintiff–Appellee,

v.

Keith Robert SEGIEN, Defendant–Appellant.

No. 91–3605.

United States Court of Appeals, Eleventh Circuit.

March 19, 1993.

Thomas M. Bell, Jacksonville, FL, for defendant-appellant.

Robert W. Genzman, U.S. Atty., Bruce Hinshelwood, Asst. U.S. Atty., Orlando, FL, for plaintiff-appellee.

Before KRAVITCH and BIRCH, Circuit Judges, and CLARK, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Appellant Keith Robert Segien was convicted of one count of bank robbery in violation of 18 U.S.C. § 2113(a). Evidence introduced at trial showed that Segien entered a small branch bank, handed one of the tellers a note that instructed, "[P]ut the money in a bag ... [. I have] a gun, red dye, you die," then said "thank you," and left the bank with over $6,000 in hand. At sentencing, the court adopted the recommendation made in the Presentence Investigation (PSI) to depart upward two levels in calculating Segien's base offense level pursuant to the "vulnerable victim" provision of the United States Sentencing Guidelines. U.S.S.G. § 3A1.1 (1990). That section provides:

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical

or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase [the defendant's offense level] by 2 levels.[1]

In making the upward departure, the sentencing court relied on this court's decision in *United States v. Jones*, 899 F.2d 1097 (11th Cir.), *cert. denied*, 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990), which held that bank tellers, as a class, should be considered vulnerable victims because they are particularly susceptible to the crime of bank larceny. 899 F.2d at 1100.

This court's recent *en banc* decision in *United States v. Morrill*, 984 F.2d 1136 (11th Cir.1993), overrules this aspect of *Jones* and holds that "bank tellers, as a class, are not vulnerable victims within the meaning of section 3A1.1." 984 F.2d at 1137.[2] *Morrill* makes clear that section 3A1.1 "was intended to apply only when a special vulnerability of the victim makes the offender more culpable than he otherwise would be in committing the particular offense." *Id.* (citing U.S.S.G. § 3A1.1, comment. (nn. 1, 2) (Nov. 1990) (other citations omitted). Because the base offense level set by the Sentencing Guidelines for bank robbery defendants already accounts for the culpability of bank robbers—and the vulnerability of bank tellers—a section 3A1.1 enhancement based on the class of the victim would be "improperly duplicative." 984 F.2d at 1138.

*Morrill*, however, does not preclude the use of a section 3A1.1 enhancement when "a particular teller-victim possesses unique characteristics which make him or her more vulnerable or susceptible to robbery than ordinary bank robbery victims." *Id.* (citing U.S.S.G. § 3A1.1, comment. (n. 1) (noting that enhancement would apply in a robbery when the defendant selected a handicapped victim)). Therefore, in sen-

---

1. Segien was sentenced under the Sentencing Guidelines in effect on the date of the sentencing hearing, June 19, 1991. *See* 18 U.S.C. § 3553(a)(5) (1988); *United States v. Dedeker*, 961 F.2d 164, 165 n. 2 (11th Cir.1992).

2. This court considered *Morrill en banc* after the Supreme Court vacated the panel opinion and

remanded the case to this court to consider the issue of bank tellers as vulnerable victims in light of the position taken by the Solicitor General in his brief to the Court on behalf of the United States. *Morrill v. United States*, — U.S. ——, 113 S.Ct. 955, 122 L.Ed.2d 113 (1993).

tencing a bank robber, the trial court should make a fact-specific determination of what factors, if any, distinguish the teller-victim from ordinary bank tellers and how, if at all, the defendant targeted that teller based on the factors.

Accordingly, we VACATE the sentencing court's decision and REMAND for re-sentencing proceedings consistent with this opinion.