DYER, Senior Circuit Judge,
dissenting:
The majority holds “that a ‘vulnerable victim’ enhancement is appropriate under the particular aspects of this case,” reasoning that “[hjere, the defendants specifically targeted a driver such as Canfield, knowing that his obligations as a dispatched cab driver made him more vulnerable to carjackings than other drivers of ears.” The majority relies upon Malone’s testimony that he and Osbey “called the cab company because they had wanted a cab driver to come to them, with the intent of robbing the cab driver,” and “that calling a cab saved them from having to go out and find a victim.” In my view, this is not evidence that the defendants targeted Canfield as their victim.
Section 3A1.1 of the Sentencing Guidelines provides for enhancement of the offense level “[i]f the defendant knew or should have known ... that a victim was ... particularly susceptible to the criminal conduct. U.S.S.G. § 3A1.1 (emphasis added). In determining whether to enhance a sentence for a “vulnerable victim,” the focus is on the defendant’s conduct. U.S. v. Long, 935 F.2d 1207, 1210 (11th Cir.1991). No evidence in the record suggests the defendants knew or should have known that if they called for a cab, the dispatched driver was obligated by city ordinance to respond to the call. It is unreasonable to infer from Malone’s testimony that the decision to rob a dispatched cab driver was motivated by the defendants’ knowledge of the ordinance. Such knowledge would be necessary, in my opinion, to prove that the defendants targeted a dispatched cab driver because he was particularly susceptible to carjacking. See id. (“Section 3A1.1 is intended to enhance the punishment for offenses where the defendant selects the victim due to the victim’s perceived susceptibility to the offense.”) (emphasis in original). At most, Malone’s testimony shows the defendants called for a cab out of convenience, not due to any belief that the driver of a dispatched cab made an easier target for carjacking than any other driver.
The majority has created a per se class of vulnerable victims under § 3A1.1 consisting of all dispatched cab drivers who have a legal duty to pick up a fare. Creation of this class results in sentence enhancement for all defendants who select these individuals as their victim, thus precluding application of § 3A1.1 on a case-by-case basis. Id. Just as bank tellers are not automatically vulnerable victims by virtue of their positions as bank tellers, United States v. Morrill, 984 F.2d 1136, 1138 (11th Cir.1993) (en banc), dispatched cab drivers should not automatically be vulnerable victims by virtue of their professional or legal obligation to pick up a fare. This is not to say that dispatched cab drivers *524 can never be particularly susceptible to or otherwise vulnerable victims of carjacking. For example, where a defendant selects a dispatched cab driver because he knows the driver cannot refuse the fare, or where a defendant requests a specific driver because of unique characteristics that make him or her more vulnerable to carjacking than the ordinary dispatched cab driver, and thus make the defendant more culpable than the ordinary carjacker, enhancement would be appropriate. See id.
In short, I see nothing in these circumstances indicating that the dispatched cab driver was an “unusually vulnerable victim.” See U.S.S.G. § 3A1.1, comment, (n. 1). I would therefore reverse the two-level .enhancement under § 3A1.1.