[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10822
Non-Argument Calendar

_____

D. C. Docket No. 07-00130-CR-02-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY KIM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 11, 2009)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Stanley Kim appeals his 96-month sentence imposed for: (1) conspiracy to

commit money laundering, 18 U.S.C. § 1956(h); (2) 8 counts of money laundering, 18 U.S.C. § 1957; and (3) 8 counts of failure to report a financial transaction involving more than $10,000 in cash, 31 U.S.C. §§ 5331(a) and 5322(b). Kim pled guilty to all of the charges without a written plea agreement. On appeal, Kim argues that his sentence was unreasonable in light of his history and characteristics and the nature of his offense. In addition, he argues that his sentence was unreasonable because it resulted in unwarranted sentencing disparities between himself, his co-defendants, and money laundering defendants in general. It is somewhat unclear whether Kim argues only that his sentence was substantively unreasonable, or whether he also argues that his sentence was procedurally unreasonable. Either way, we find no error by the district court.

After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), this Court reviews a defendant's sentence for procedural or substantive unreasonableness using the deferential abuse-of-discretion standard, regardless of whether the sentence imposed is inside or outside a defendant's Guidelines range. *Gall v. United States*, 552 U.S. 38, __, 128 S. Ct. 586, 594, 597 (2007); *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008). Under the abuse-of-discretion standard, we will reverse only if the district court made "a clear error of

2

judgment."[1]  *Pugh*, 515 F.3d at 1191.

"[A] sentence may be substantively unreasonable, regardless of the procedure used."  *United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of [the] record and the factors in [18 U.S.C. §] 3553(a)."  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (citing 18 U.S.C. § 3553(a)).

We have recognized that "there is a range of reasonable sentences from which the district court may choose."  *Id.* at 788.  Where the court imposes a sentence that is within the Guidelines range, we ordinarily expect that sentence to be reasonable.  *Id.*

---

[1] We have held that where a district court elicits objections to its sentence and the defendant fails to object, the defendant has waived any objection to his sentence on appeal.  *United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993).  Even assuming, however, that Kim was not required to object to the reasonableness of his sentence to preserve the issue for appeal, Kim's sentence was reasonable under the abuse-of-discretion standard.

Where the sentence imposed is outside the Guidelines range, we may not presume the sentence is unreasonable. *Gall*, 552 U.S. at ____, 128 S. Ct. at 597.

We have held that a defendant's sentence was reasonable in light of § 3553(a)(6)'s command to avoid unwarranted sentencing disparities where, although the defendant's sentence was greater than the sentences his co-defendants received, factors such as the defendant's role in coordinating a scheme or his co-defendants' substantial assistance to the government caused the disparity to be reasonable. *See, e.g., United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (per curiam) (holding that the defendant's sentence was reasonable, even though a co-defendant received a substantially shorter sentence, because the co-defendant's sentence reflected his substantial assistance to the government); *United States v. Thomas*, 446 F.3d 1348, 1350, 1357 (11th Cir. 2006) (holding that the defendant's 121-month sentence was reasonable even though his co-defendants' sentences ranged from 41 to 53 months' imprisonment because the defendant had coordinated the offense).

At sentencing, Kim stated that he had no objections to his sentence, the Guidelines calculations, or the manner in which the court pronounced sentence. He now argues that his sentence was substantively unreasonable, even though his sentence was below his Guidelines range. Kim contends that the district court failed to sufficiently consider the § 3553(a) sentencing factors, gave insufficient

4

consideration to his history and characteristics, and created an unwarranted sentencing disparity between Kim and his co-defendants, who received sentences ranging from 12 to 24 months' imprisonment.

Kim's sentence was procedurally reasonable because the district court: (1) correctly calculated his Guidelines range, a conclusion that Kim does not dispute on appeal; (2) clearly articulated its consideration of the § 3553(a) factors; (3) treated the Guidelines as advisory; and (4) articulated its reasoning for imposing Kim's sentence. Contrary to Kim's assertion, the record demonstrates that the district court considered Kim's history and characteristics, including his ties with his friends and family, as well as the sentences that Kim's co-defendants received. The district court specifically explained that though Kim's sentence was substantially longer than those of his co-defendants, the disparity was appropriate because Kim led his co-defendants into participating in criminal activity. The district court did not discuss each and every § 3553(a) factor, but it was not required to do so. *See United States v. Scott*, 426 F.3d 1324, 1329-30 (11th Cir. 2005).

Kim's sentence was also substantively reasonable. His 96-month sentence was a downward variance from his guideline range of 121 to 151 months' imprisonment. Kim was the organizer or leader of a multi-year scheme to launder drug trafficking proceeds, and he and his co-defendants attempted to conceal their crimes by creating

5

fraudulent documents and failing to comply with federal reporting requirements.  The disparity between Kim's sentence and his co-defendants' sentences was reasonable because, as the district court noted, Kim was (1) the organizer or leader; (2) responsible for over $600,000 in laundered funds; and (3) convicted of 8 counts of money laundering and 8 counts of failure to report a business transaction, in addition to Count 1 of the indictment.  In contrast, Kim's co-defendants each pled guilty to only Count 1 and were responsible for only a fraction of the laundered funds.  Thus, the disparity between Kim's and his co-defendants' sentences was reasonable.  Kim fails to point to any additional factors that demonstrate that his sentence was unreasonable under 18 U.S.C. § 3553(a).

Accordingly, after thorough review of the record and the parties' briefs, we affirm.

**AFFIRMED.**