[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 11-13116; 11-13604
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:96-cr-00026-CB-1,
1:95-cr-00220-CB-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN JEROME CARTER,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(March 2, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal under 18 U.S.C. § 3742(a) of the sentence the district court imposed on John Jerome Carter after revoking his supervised release. The court revoked the supervised release and sentenced Carter to a 30-months' term of imprisonment on finding that he had violated the conditions of his release by having sexual intercourse with a 13-year old girl.

In *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir.1990), overruled on other grounds by *United States v. Morrill*, 984 F.2d 1136 (11th Cir.1993), we held that a district court, after imposing sentence, must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based. The district court failed to elicit Carter's objections as required by *Jones* in this case.[1] Without a statement of Carter's objections, we cannot afford this appeal meaningful review. The judgment of the district court is accordingly **vacated** and the case is **remanded** for further proceedings.

SO ORDERED.

---

[1] The court asked Carter if he had "[a]nything further?" This was inadequate to comply with *Jones's* mandate.