[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2012
JOHN LEY
CLERK

No. 11-16009
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00512-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO COCA ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 19, 2012)

Before TJOFLAT, HULL and MARTIN, Circuit Judges.

PER CURIAM:

On the night of Friday, March 6, 2010, Rolando Coca Alvarez and another individual cut a hole in the roof of the iGov Technologies warehouse in Tampa, Florida, entered the warehouse, disarmed the alarm system, and, joined by several accomplices, and removed from the warehouse approximately 3,000 computers, scanners, and other pieces of electronic equipment, all belonging to the United States Military. The next day, March 7, two tractor trailers loaded with the equipment arrived at an abandoned warehouse in Miami. On April 1, 2010, law enforcement recovered 1,911 pieces of the stolen equipment from the warehouse.

On August 23, 2011, Alvarez pled guilty to theft of government property, in violation of 18 U.S.C. § 641. At sentencing, the District Court adopted, without objection, the Guidelines sentence range recommended by the presentence investigation report—46 to 57 months' imprisonment—and, rejecting Alvarez's request for a sentence at the low end of that range, sentenced Alvarez to prison for 57 months. He now appeals his sentence, arguing that it is procedurally and substantively unreasonable. It is procedurally unreasonable, he contends, because the District Court did not adequately explain its decision and, moreover, credited a detective's unsworn testimony over his allocution, which he gave in broken English. It is substantively unreasonable because it is greater than necessary to fulfill the purposes of the sentence.

Alvarez did not present his procedural objections to the District Court; hence, we consider the objections only for plain error. *United States v. Jones*, 899 F.2d 1097, 1102-03 (11th Cir. 1990), *overruled on other grounds sub. nom. United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*). After examining the transcript of the sentencing hearing, we find no error, much less plain error, and therefore reject the argument that Alvarez's sentence is procedurally unreasonable. We turn, then, to the question of whether the sentence at the high end of the Guidelines sentence range is substantively unreasonable.

A sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of a sentence "set forth" in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a), **Factors to be considered in imposing a sentence**. These purposes include the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct", and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A),(B), (C). Given the seriousness of offense in this case, including the extensive planning and preparation needed to carry it out and the boldness of its execution, the need of the sentence to provide just punishment and to deter criminal activity, especially activity of the sort Alvarez and his accomplices engaged in here, we would be hard put to hold that a

3

prison term of 57 months is longer term than necessary to satisfy § 3553(a)(2)'s

sentencing purposes.  In short, the sentence is substantively reasonable.

AFFIRMED.