[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12746
Non-Argument Calendar
_____

D. C. Docket No. 6:10-cr-00273-GKS-DAB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO CINTRON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 17, 2012)


Before HULL, EDMONDSON and BLACK, Circuit Judges.


PER CURIAM:

Alberto Cintron appeals his conviction and 47-month sentence for

possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  No reversible error has been shown; we affirm.

Cintron first argues that the evidence failed to support his conviction for possession of a firearm by a convicted felon; he says nothing suggests that he knowingly possessed a firearm.  We review challenges to the sufficiency of the evidence de novo.  United States v. Klopf, 423 F.3d 1228, 1236 (11th Cir. 2005).  We view the evidence in the light most favorable to the government and draw all reasonable inferences and credibility choices in favor of the jury's verdict.  Id.

We see sufficient evidence to sustain Cintron's conviction for possession of a firearm by a convicted felon.[1]  Cintron disputes only that he knowingly possessed the firearm.  But possession can be actual or constructive.  United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004).  To establish constructive possession, the government must show that the defendant exercised ownership, dominion, or control over the firearm itself or the item in which it was concealed.  Id.

---

[1] To secure a conviction under section 922(g)(1), the government must show: (1) the defendant was a convicted felon; (2) the defendant knowingly possessed a firearm or ammunition; and (3) the firearm or ammunition was a part of interstate commerce.  United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).

2

Here, when security screeners discovered the gun at the Daytona International Airport, it was inside a zippered pouch -- within a lady's handbag -- along with Cintron's insulin shots.  Cintron was traveling with a female companion, and he placed the bag on the conveyor belt for screening.  Cintron admitted that the gun belonged to him and that a friend had given him the gun two or three years ago.  Even if, as Cintron claims, he did not know that he had the gun in his carry-on baggage and instead had intended to place the gun in his checked bag, that evidence established that he had constructive possession of the gun at the airport.  See United States v. Catano, 553 F.2d 497, 500 n.3 (5th Cir. 1977) (describing that, when a person checks a piece of luggage with an airline for the purpose of transporting the bag on an airplane and reclaiming the bag at one's destination, "the airline is acting as that person's agent and the person retains constructive possession of the suitcase while it is in the actual possession of the airline").  We conclude that the evidence is sufficient for a jury to find that Cintron knowingly possessed the firearm.  Wright, 392 F.3d at 1271.  We, therefore, see no error in the district court's denial of Cintron's motion for judgment of acquittal.

Cintron next argues that his sentence was both procedurally and substantively unreasonable.  In Jones, we established a rule requiring district courts to "elicit fully articulated objections, following imposition of sentence, to

3

the court's ultimate findings of fact and conclusions of law," as well as to "the manner in which the sentence is pronounced." United States v. Jones, 899 F.2d 1097, 1102 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136, 1137-38 (11th Cir. 1993).

In this case, although the district court did not expressly elicit objections after imposing Cintron's sentence, Cintron objected to the procedural and substantive reasonableness of his sentence. We still conclude that the district court technically violated Jones. In most instances, "[w]here the district court has not elicited fully articulated objections following the imposition of sentence, this court will vacate the sentence and remand for further sentencing to give the parties an opportunity to raise and explain their objections." Id. at 1103. But in this case, we conclude that the record with respect to Cintron's sentencing claim would not be further developed in a significant way upon remand. As such, we now turn to the merits of Cintron's arguments that his 47-month sentence was both procedurally and substantively unreasonable.

We review a final sentence for procedural and substantive reasonableness. United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentence might be procedurally unreasonable if the district court fails to explain adequately

4

the chosen sentence.  Id.[2]  The district court, however, is not required to discuss or state each factor explicitly.  Id.

That the district court considered Cintron's arguments and the section 3553(a) factors in imposing his sentence is clear from the record.  At the sentencing hearing, the court demonstrated that it had considered Cintron's arguments for a variance; the court asked specific questions about the language in Cintron's sentencing memorandum and responded to Cintron's arguments presented at the hearing. The court also implicitly indicated that Cintron did not warrant a variance, considering his offense conduct and his status as a convicted felon.  Thus, the sentence expressly considered the nature and circumstances of the offense and Cintron's history and characteristics.  See 18 U.S.C. § 3553(a)(1). Thus, Cintron failed to show that his sentence was procedurally unreasonable.

Cintron also asserts that the district court imposed a sentence at the high-end of the advisory guideline range without accounting for potentially mitigating factors, including his deteriorating health and that no ammunition was found alongside the gun.  We evaluate the substantive reasonableness of a sentence

---

[2] Under section 3553(a), a district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, defendant's medical and educational needs, the advisory guideline range, the Sentencing Commission's policy statements, and the need to avoid unwarranted sentencing disparities and provide restitution. See 18 U.S.C. § 3553(a)(1)-(7).

under a deferential abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Cintron failed to satisfy his burden of proof. First, his 47-month sentence is within the 41 to 51-month advisory guideline sentencing range; and we ordinarily expect such a sentence to be reasonable.  See id. at 787-88 (concluding that, although not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable").  His sentence also is well below the ten-year statutory maximum for his offense.  See Gonzalez, 550 F.3d at 1324 (concluding that the reasonableness of a sentence might also be indicated when the sentence imposed was well below the statutory maximum sentence).  Although Cintron asserts that the court failed to consider properly some mitigating factors, the weight to be given a particular factor is left to the sound discretion of the district court, absent a clear error of judgment.  See United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).  Because we see no such error, Cintron failed to demonstrate that his sentence was substantively unreasonable.

AFFIRMED.

6