[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15223
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20277-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA MARLENY GRAJALES JARAMILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 8, 2013)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Maria Marleny Grajales Jaramillo appeals the concurrent 46-month's prison sentences she received after pleading guilty to two drug-trafficking offenses, importing and possessing with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952(a) and 841(a)(1).  The District Court imposed these sentences at the low end of the Guidelines sentencing range.  On appeal Grajales Jaramillo argues that the court clearly erred by refusing to grant a minor-role downward adjustment of her offense level because she served only as a "human container" by bringing heroin into the United States from Colombia.  She also argues that the sentences are substantively unreasonable because they are too harsh, given her poor and desperate background in Colombia.

I.

We review the district court's decision as to a minor-role adjustment for clear error.  *United States v. De Varon*, 175 F.3d 930, 934, 937 (11th Cir. 1999) (affirming the denial of the minor-role adjustment to a defendant who had smuggled 70 heroin-filled pellets into the United States from Colombia).  Pursuant to U.S.S.G. § 3B1.2(b), a defendant who is a minor participant in any criminal activity can receive a two-level reduction of her offense level.  U.S.S.G. § 3B1.2(b).  In determining whether to grant the minor-role reduction, the sentencing court is required to measure the defendant's role against her relevant conduct, or the relevant conduct attributable to the defendant in calculating her

2

base offense level. *Id.* at 940-41. Where the relevant conduct attributed to a defendant is identical to the defendant's actual conduct, the defendant cannot prove that she is entitled to a minor-role adjustment simply by pointing to a broader criminal scheme in which she was a minor participant, but for which she was not held accountable. *Id.* at 941. Specifically, when a drug courier's relevant conduct is limited to her own act of importation, the district court is entitled to conclude that the courier played an important role as to the importation of those drugs. *Id.* at 942-43. The court should grant the minor-role reduction only if the defendant can establish that she played a relatively minor role in the conduct for which she was held accountable, not a minor role in any larger conspiracy. *Id.* at 944. The court is permitted to measure the defendant's conduct against that of other participants in the relevant criminal scheme only where the record evidence is sufficient to do so and only as to those participants who were involved in the relevant conduct attributed to the defendant. *Id.*

After reviewing the record, we are satisfied that the District Court did not err in denying Grajales Jaramillo a minor-role downward adjustment of her offense level. The facts of this case are nearly identical to the facts in *DeVaron,* which denied a minor-role adjustment. She was held accountable for the heroin she brought to the United States, not for any relevant conduct involving a broader criminal scheme.

II.

Typically, the reasonableness of a sentence will be reviewed under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). However, when, at sentencing, the defendant fails to object to her sentence after being given an opportunity to do so by the district court, the challenges to the sentence on appeal will be reviewed only for plain error. *United States v. Jones*, 899 F.2d 1097, 1102-03 (11th Cir. 1990), *overruled in part on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). We will recognize plain error "only if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted) (alteration in original).

We find no error here, much less plain error. Grajales Jaramillo points to no binding precedent, and we are aware of none, that would have informed the District Court that the sentences it was imposing were substantively unreasonable—especially sentences imposed at the low end of an error-free calculation of the Guidelines sentencing range.

AFFIRMED.

4