[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11145
Non-Argument Calendar

_____

D.C. Docket No. 2:02-cr-00191-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARON DIMITRIC PLAYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 18, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Loran Player appeals his 24-month sentence following the revocation of his

supervised release pursuant to 18 U.S.C. § 3583(e)(3). On appeal, Player argues

that the district court erred in finding by a preponderance of the evidence that he knew or had reasonable grounds to know the vehicle he drove was stolen.  Player also argues that the district court abused its discretion in imposing a 24-month sentence.  The district court did not err in determining that Player knew or had reasonable grounds to believe he operated a stolen vehicle.  Additionally, the district court imposed a sentence that was supported by the record and that satisfies the requirements of 18 U.S.C. § 3353(a).  Accordingly, Player's sentence was reasonable.

## I.

First, Player argues that the district court erred in finding by a preponderance of the evidence that he knew or had reasonable ground to know the vehicle he had drove was stolen.  Alabama Criminal Code 13A-8-7 states that "[t]he theft of lost property which exceeds two thousand five hundred dollars ($2,500) in value constitutes theft of lost property in the first degree," and that "[t]heft of lost property in the first degree is a Class B felony."  "Under an indictment for receiving stolen property, the prosecution must prove that the accused actually knew that the property was stolen or that he had reasonable grounds to believe that it was stolen." *Ashurst v. State*, 462 So. 2d 999, 1004 (Ala. Crim. App. 1984).   In revocation hearings, a district court must only find that the defendant violated a condition of supervised release by a preponderance of the evidence.  18 U.S.C.

2

§ 3583(e)(3).  We afford great deference to a district court's credibility determinations.  *United States v. Gregg*, 179 F.3d 1312, 1316 (11th Cir. 1999).  We review a district court's finding of a violation of a term of supervised release for an abuse of discretion.  *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam).

The district court did not err in determining that Player knew or had reasonable grounds to believe that the vehicle he drove was stolen.  The record reflects that a number of items of Player's were found in the vehicle, indicating that the car was in Player's possession for some time.  Player and his wife were unable to provide basic information regarding the individual from whom they claimed to have borrowed the car, including his address, occupation, and his last name.  We give the credibility determinations of the district court great weight.  *Gregg*, 179 F.3d  1316.  Particularly given the lower standard of proof required at revocation hearings, *see* § 3583(e)(3), we find that the district court did not abuse its discretion in determining that Player knew or had reasonable grounds to believe that the car he was driving was stolen.  *See Copeland*, 20 F.3d at 413.

## II.

Second, Player argues that the district court abused its discretion in imposing a 24-month sentence.  We generally review the reasonableness of a sentence under the deferential abuse of discretion standard of review.  *Gall v. United States*, 552

U.S. 38, 51 (2007). We first ensure that the district court did not improperly calculate the guidelines range, treat the guidelines range as mandatory, fail to consider the § 3553(a) factors, select a sentence based on clearly erroneous facts, inadequately explain the chosen sentence, or commit any other significant procedural error. *Id.* We then examine if, in light of the totality of the circumstances, the sentence imposed was substantively reasonable. *Id.* The party challenging the sentence bears the burden of showing the unreasonableness of the sentence in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a term of imprisonment after considering: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence, protect the public, and effectively provide the defendant with needed training, medical care, or other correctional treatment; (3) relevant policy statements by the Sentencing Commission; (4) the need to avoid unwarranted sentence disparities; and (5) the need to provide restitution. *See* 18 U.S.C. §§ 3583(e), 3553(a); *see also United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (per curiam). A district court need not state explicitly that it considered the § 3553(a) factors if the record indicates that the court indeed

4

considered the factors.  *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

We ordinarily expect a sentence falling within the guideline range is reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence well below the statutory maximum may be considered another indicator of reasonableness.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  However, we may not assume that a sentence outside the guidelines is necessarily unreasonable.  *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir. 2010) (*en banc*).  All sentences, whether inside, outside or significantly outside the Guidelines range, are reviewed for an abuse of discretion.  *Gall*, 552 U.S. at 51.  Nevertheless, significant variations from the Sentencing Guidelines require the district court to identify significant justifications.  *Irey*, 612 F.3d at 1186–1187.

If an error is not timely objected to, we usually review for plain error.  *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).  However, after imposing a sentence, a district court must give both parties an opportunity to object to its ultimate findings of fact, conclusions of law, and the manner in which the sentence was pronounced.  *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990) *overruled in part on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993) (en banc).  Failure to elicit objections after imposition of a sentence usually results in vacating and remanding a sentence to allow the

5

parties an opportunity to present their objections. *Id.* at 1103. Merely inquiring whether there is "anything further?" or "anything else" is insufficient. *Campbell*, 473 F.3d at 1348. If the record on appeal is sufficient to enable review, remand may be unnecessary. *Id*. at 1347. When imposing a sentence for the violation of a condition of supervised release, there must be some indication that the district court considered the sentencing range established by the guidelines. *Id*. at 1348–49. The *Jones* rule applies to supervised release revocation proceedings. *Id*. at 1348. If a *Jones* violation is found but the record is sufficient to enable review, we review the legality of the sentence imposed *de novo*. *Id.*

The district court did not abuse its discretion by imposing a 24-month sentence. Player's argument that the district court was required to renew its offer of a 14-month sentence is contradicted by the record, which demonstrates that Player, through counsel, indicated his agreement to having a hearing regarding the stolen property charge. Player agreed after the district court plainly explained that holding a new hearing would render the offer of a 14-month sentence with 3 years' supervised release unavailable. *Compare United States v. Jernigan*, 341 F.3d 1273, 1290 (11th Cir. 2003) (holding that an affirmative stipulation may invite error in the case of the admission of evidence). Player offers no meaningful support for his argument that he should have been provided a later opportunity to accept the district court's offer of a 14-month sentence, even given his explicit

6

agreement to a new hearing on the stolen property charge. Additionally, an independent review of the caselaw discloses none. *See Mabry v. Johnson*, 467 U.S. 504, 511 (1984) *overruled on separate grounds by Puckett v. United States*, 556 U.S. 129, 138 (U.S. 2009) (holding that a defendant's acceptance of a prosecutor's proposed plea agreement does not create a constitutional right to have that bargain enforced). Since the party challenging the reasonableness of a sentence bears the burden of proof, Player's claim fails. *Tome*, 611 F.3d at 1378.

Player next argues that the district court's refusal to impose a 14-month sentence as opposed to a 24-month sentence was substantively unreasonable. As Player did not object to the substantive reasonableness of his sentence at the revocation hearing, we would usually review for plain error. *Turner*, 474 F.3d at 1275. However, under our ruling in *United States v. Jones*, the district court was required to give both parties an opportunity to object to its ultimate findings of fact, conclusions of law, and the manner in which the sentence was pronounced. 899 F.2d at 1102. The record reflects that the district court did not do so in this case. The district court did ask if there was "[any]thing that I have missed." However, as previously stated, our case law makes clear that such limited inquiries are insufficient. *See Campbell*, 473 F.3d at 1348. Such an omission normally requires vacating and remanding the sentence, *see Jones*, 899 F.2d at 1103, unless the record on appeal is sufficient to enable review, *Campbell*, 473 F.3d at 1347.

7

Upon careful review, we hold that the record here is sufficient to not require vacating and remanding the case. *Campbell*, 473 F.3d at 1347. In determining whether the record is sufficient to enable review, one factor we consider is whether the district court considered the applicable guidelines range. *Id*. at 1348–49 ("[I]t is sufficient for there to be some indication that the district court was aware of and considered the Guidelines, which requires the court to consider the sentencing *range* established.") (quotations and citation omitted). At the first revocation hearing, the district court specifically articulated the applicable guidelines range and statutory maximum. The district court did not recalculate the guidelines range at the second revocation hearing following its finding that Player was guilty of the stolen property charge. But, the new range and statutory maximum were provided by the government. Ultimately, the district court sentenced Player in the middle of the new guidelines range. The record reflects that district court was sufficiently aware of and considered the applicable guidelines range. *Compare Campbell*, 473 F.3d at 1348–49.

In addition to the applicable guidelines range, the record also reflects that the district court considered other relevant § 3553(a) factors. Specifically, court considered "the nature and circumstances of the offense and the history and characteristics of the defendant" pursuant to § 3553(a)(1). At the first revocation hearing, the court noted that Player had "one of the worst records [he had] ever

8

seen." The district court also noted Player's failure to respond to several rehabilitative programs in which he participated. Although the district court did not mention § 3553(a) specifically, it was not required to so long as the record reflects that the court did indeed consider the other § 3553(a) factors. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). Finally, the record reflects that the district court heard argument from Player regarding sentencing at the first revocation hearing. While player did not re-make his sentencing arguments following the court's determination that he was guilty of the stolen property charge, he had the opportunity to do so. These acts create a record sufficient to avoid the need to vacate and remand. We therefore proceed to review the reasonableness of Player's sentence *de novo*. *Id.* at 1348.

Player failed to articulate the way in which the court's refusal to re-extend a sentencing offer rendered the imposition of a later sentence, based upon a new charge, is plain error. As explained above, the district court correctly determined by a preponderance of the evidence that Player knew or had reasonable grounds to know that the vehicle he drove was stolen. With the addition of the Receiving Stolen Property charge, the applicable guidelines range increased to 21–27 months. Player admitted to the initial three offenses for which his supervised release was revoked and the district court found him guilty of the fourth. While Player did offer uncontradicted testimony indicating that he used the vehicle to take his wife

to a doctor's appointment, the district court also stated that he had "one of the worst records I have ever seen." The sentence imposed also fell squarely within the applicable guidelines range and well below the statutory maximum, two factors that we ordinarily consider to be indicators of reasonableness. *Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324. On this record, the district court did not err in imposing a 24-month sentence.

**AFFIRMED.**