[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13543
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00046-RBD-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK COLEMAN CORKER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 19, 2018)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Derek Corker appeals his term and conditions of supervised release. On appeal, Corker argues that the district court erred in failing to elicit objections after it imposed its sentence.

Ordinarily, when a defendant does not object to the district court's imposition of the term and conditions of supervised release, we will review only for plain error. *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). If, however, the district court fails to elicit objections after imposing a sentence, we will review the sentence *de novo*. *United States v. Johnson*, 451 F.3d 1239, 1242 (11th Cir. 2006).

The district court must elicit fully articulated objections, following the imposition of a sentence, to the court's ultimate findings of fact and conclusions of law. *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds*, *United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (*en banc*). We have held that when the district court merely asks if there is "anything further?" or "anything else?" and neither party responds with objections, then the district court has failed to elicit fully articulated objections, as is required by *Jones*. *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007). If a district court fails to comply with *Jones*, we will normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections. *Id.* at

2

1347.  Remanding to the district court is unnecessary if the record on appeal is sufficient to enable review.  *Id.*

Here, the district court did not comply with *Jones* because it did not expressly elicit objections from Corker after imposing Corker's sentence.  *Jones*, 899 F.2d at 1102.  Additionally, the district court's question, "[a]nything else from the defense?" did not satisfy *Jones* because it did not elicit an objection from Corker.  *Campbell*, 473 F.3d at 1348.  A remand is necessary because the record does not indicate why the district court chose ten years of supervised release, as opposed to the statutory minimum term of five years supervised release, or why it imposed the special conditions on computer use.  *Campbell*, 473 F.3d at 1347.  Accordingly, we vacate and remand for resentencing on the term and conditions of Corker's supervised release.

**VACATE AND REMAND.**