[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 18-12826; 18-12941
Non-Argument Calendar
_____

D.C. Docket Nos. 1:05-cr-00083-CC-LTW-1,
1:17-cr-00123-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS JENARD WILLIAMS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(February 26, 2019)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Travis Williams appeals his 48-month sentence for violating conditions of

his supervised release. On appeal, he argues that the district court erred by failing

to consult the Guidelines, failing to properly elicit objections, and imposing a substantively unreasonable sentence.  We disagree and affirm.

## I.

Williams first argues that the district court failed to consult the United States Sentencing Guidelines.  "[D]istrict courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).  This "consultation requirement, at a minimum, obliges the district court to calculate *correctly* the sentencing range prescribed by the Guidelines."  *Id.* (emphasis in original).  At the revocation of supervised release hearing, the district court asked the government for the appropriate Guideline range.  The government responded with the Guideline range and its calculation for arriving at that range.  The government also provided the statutory maximum sentence.  The district court accepted the government's calculation, with no objection from Williams.  The district court expressly noted that it "consider[ed] the sentence under both the custody guideline range as well as the statutory maximum sentence."  Williams does not dispute that the government's calculation was correct, and *Crawford* does not require the district court to independently calculate the Guideline range.  *See id.*

2

II.

Second, Williams argues that, at the conclusion of his revocation hearing, the district court failed to elicit "fully articulated objections" under *United States v. Jones*, 899 F.2d 1097 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993).  We review *Jones* claims de novo.  *Id.*  Under *Jones*, district courts must "elicit fully articulated objections, following imposition of a sentence, to the court's ultimate findings of fact and conclusions of law."  899 F.2d at 1102.  *Jones* requires district courts to both (1) "give the parties an opportunity not only to resolve the objections contained in the addendum, but also . . . to object to the district court's ultimate findings of fact and conclusions of law"; and (2), if an objection is made, "elicit from counsel an articulation of the grounds on which the objection is based."  *Id.*  The district court's inquiry is insufficient when the court's questions, along with defense counsel's responses, do not indicate that defense counsel understood the court to be eliciting objections.  *See United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (noting that we have held questions such as "is there anything further?" or "anything else?" insufficient).

The district court did not violate *Jones*.  After imposing Williams's sentence, the district court stated that it "wishe[d] to hear from both the defendant and his attorney as to whether or not they oppose the sentence imposed."  This was meant

3

to elicit objections, which Williams's attorney understood and offered. Williams's attorney promptly objected to the substantive reasonableness of the sentence. This objection indicates that Williams's counsel understood the court to be eliciting objections. This elicitation is sufficient under *Jones*. *See id.*

### III.

Williams next argues his sentence is substantively unreasonable because it is longer than necessary to satisfy the purposes of the Guidelines. Specifically, Williams argues that his history of mental illness and the time he already served in state and federal custody justify a shorter sentence. Upon revocation of supervised release, the district court must impose a substantively reasonable sentence. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). The party challenging the sentence bears the burden to show that it is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will only vacate a sentence if we are convinced it is outside the reasonable range of sentences for a given case. *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (en banc).

Under 18 U.S.C. § 3583(e), after finding that a defendant has violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for deterrence; (4) the need to protect the public; (5) the Sentencing

4

Guidelines and policy statements of the Sentencing Commission; (6) the need to avoid unwarranted disparity among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7). When imposing a sentence for the violation of supervised release, the court's goal is to sanction "the defendant's breach of trust," not the defendant's original criminal offense conduct. U.S.S.G. § 7A n.3(b).

Williams has not met his burden of showing that his sentence was substantively unreasonable. The court considered Williams's history of mental illness and that Williams had already served time in both state and federal custody. But in considering Williams's "breach of trust," *id.*, the district court also properly considered the Guidelines factors, including undisputed facts about Williams's criminal history and his long history of violating the terms of his probation. *See* 18 U.S.C. § 3583(e). Moreover, Williams's argument that the time he has already served justifies a reduced sentence is unavailing. Williams's state sentence was for his underlying state crime and the sentence imposed by the district is for his breach of trust in violating the terms of his supervised release. These are separate concerns. *See* U.S.S.G. § 7A n.3(b). In light of these facts, we are not convinced that the sentence is outside the reasonable range of sentences given the facts of this case. *See Irey*, 612 F.3d at 1189–90. Accordingly, we affirm.

**AFFIRMED.**

5