[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14572
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00195-HLA-JRK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES EDWARD MOULTRIE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2021)

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

James Moultrie appeals the sentence imposed upon the district court's revocation of Moultrie's supervised release.[1]  Reversible error has been shown; we vacate the sentence and remand for resentencing.

In 2017, Moultrie pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  Moultrie was sentenced to 36 months' imprisonment and 3 years' supervised release.  As a condition of supervised release, Moultrie was required to participate in a substance-abuse treatment program and required to submit to random drug testing.

Moultrie's term of supervised release began in April 2020.  In October 2020, a probation officer petitioned the district court to revoke Moultrie's supervised release.  The petition charged Moultrie with violating the terms of his supervised release by testing positive for cocaine and for marijuana in August and again in September 2020.

---

[1] Moultrie raises no challenge to the revocation of his supervised release.

2

At the revocation hearing, Moultrie admitted to the charged violations.  The district court revoked Moultrie's supervised release and sentenced Moultrie to 10 months' imprisonment followed by 2 years' supervised release.

Pertinent to this appeal, Moultrie contends (1) that the district court failed to elicit objections at the end of the revocation hearing, in violation of Jones;[2] and (2) that the district court relied impermissibly on Moultrie's need for substance-abuse treatment, in violation of Tapia and Vandergrift.[3]

In imposing a sentence -- including upon revocation of supervised release -- "the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based."  United States v. Campbell, 473 F.3d 1345, 1347 (11th Cir. 2007) (citing Jones, 899 F.2d at 1102).  Facing objections gives the district court the chance to clarify and to correct its own acts.  Generally speaking, when a district court elicits no objections after imposing a sentence, we "vacate the sentence and remand to the district court to give the parties an opportunity to

---

[2] United States v. Jones, 899 F.2d 1097 (11th Cir. 1990), overruled on other grounds by United States v. Morrill, 984 F.2d 1136 (11th Cir. 1993).

[3] Tapia v. United States, 564 U.S. 319 (2011); United States v. Vandergrift, 754 F.3d 1303 (11th Cir. 2014).

3

present their objections." Id. at 1347.  A remand may be unnecessary, however, when the record is sufficient to permit meaningful appellate review.  Id.

That the district court erred under Jones by failing to give Moultrie an opportunity to object at the end of the revocation hearing is undisputed.  We thus consider whether the record is nevertheless sufficient to permit review of Moultrie's arguments on appeal.  We conclude that it is not.

Moultrie's chief substantive argument on appeal is that the district court considered improperly his need for substance-abuse treatment in imposing a sentence of imprisonment.

In Tapia, the Supreme Court concluded that a sentencing court "may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation."  564 U.S. at 335; see also 18 U.S.C. § 3582(a) (instructing sentencing courts to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation.").  We have declined to limit Tapia to circumstances in which the sentencing court tailors the length of a prison sentence to permit the completion of a rehabilitation program or treats rehabilitation as a "dominant factor" in making the sentencing determination. See Vandergrift, 754 F.3d at 1310.  Instead, "Tapia error occurs where the district court considers rehabilitation when crafting a sentence of imprisonment."  Id.

4

(emphasis in original) (applying Tapia in the context of resentencing upon revocation of supervised release).

A sentencing court, however, "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs" at sentencing. Tapia, 564 U.S. at 334; see Vandergrift, 754 F.3d at 1311 (recognizing "that Tapia does not prohibit a district court from discussing rehabilitation during a sentencing hearing."). Moreover, a sentencing court is permitted to consider whether an offender could benefit from rehabilitation -- including substance-abuse treatment -- when deciding whether to impose a term of supervised release. See Tapia, 564 U.S. at 330.

During the revocation hearing, both parties discussed Moultrie's history of drug addiction and his need for substance-abuse treatment. As punishment for violating his supervised release, Moultrie requested a sentence of 4- or 5-months' imprisonment; and the government requested a prison sentence at the upper end of the guidelines range (calculated as 5 to 11 months). Both Moultrie and the government asked that no additional term of supervised release be imposed: a request that would allow Moultrie to complete independently an inpatient drug treatment program. The parties indicated that -- because Moultrie had already completed an inpatient drug treatment program as part of an earlier unrelated

5

sentence -- probation was unwilling to provide for additional inpatient treatment. Moultrie's lawyer said, instead, she would help Moultrie find a free inpatient drug treatment program after his release from prison.

At the conclusion of the hearing, the district court imposed a sentence of 10 months' imprisonment and -- rejecting both parties' recommendations -- imposed an additional 2-year term of supervised release. The district court ordered (as a condition of supervised release) that Moultrie participate in an inpatient or outpatient substance-abuse treatment program.

In announcing Moultrie's sentence, the district court provided some reasons for its decision. The district court first noted that -- after a prior unrelated supervised-release violation -- Moultrie had been sentenced to seven months' imprisonment.[4] The district court then said these words:

> I do think that it would behoove the Court, given all the circumstances associated with your violation, that you spend a somewhat longer time incarcerated to underscore the importance of respect for the commitments that you make to the Court in the supervised release dimension of this punishment.

---

[4] We reject Moultrie's contention that the district court erred in relying on the prior 7-month sentence: a sentence Moultrie says is from "some unrelated and unknown case." The Presentence Investigation Report ("PSI") summarized Moultrie's criminal history, including that Moultrie had received a 7-month sentence for violating his supervised release in 2012, after testing positive for cocaine. Because Moultrie raised no objections to this part of the PSI, the district court was entitled to treat those facts as undisputed. See United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) ("Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court 'with specificity and clarity.'")

You just have not paid attention to what the obligations are that you are under a court order to achieve.  So I need to make sure that this sentence promotes respect for the law, and that it will hopefully assist you in the future, making decisions that will prevent you from engaging in the behavior that brought you here to begin with.

But I'm going . . . to craft a sentence that I think will achieve those goals, not be disparate in this, not overly harsh or overly lenient, relative to the similarly situated defendants, and will not be what your attorney is asking for.  But it's not going to be what the government is asking for, just because I think it's . . . the best solution.

After announcing Moultrie's sentence, the district court also made this statement:

That sentence is going to require ten-months sobriety on your behalf.  It's also going to require you to embrace the program to assist you in maintaining that sobriety going forward, with the hope that your compliance with this court order will result in your returning to the community as a healthy and law abiding and substance-free citizen.

Viewed as a whole, the district court's stated reasons for choosing the selected sentence are not sufficiently clear to allow for appellate review.  In particular, parts of the district court's explanation are ambiguous about whether the court is referring to its reasons for imposing the term of incarceration, the term of supervised release, or both.  This distinction is important because rehabilitation may be considered for purposes of supervised release but not in connection with a term of imprisonment.

To the extent the district court considered Moultrie's need for substance-abuse treatment in deciding to impose a term of supervised release, the district

7

court committed no error.  Nor did the district court err in discussing generally with Moultrie his struggles with drug addiction.

On this record, however, we cannot rule out that the district court also considered -- impermissibly -- Moultrie's need for drug treatment when the court imposed a term of imprisonment.  In the light of the ambiguity in the district court's explanation and the district court's comment about "ten-months sobriety," we are unable to determine with reasonable certainty that no Tapia error occurred.

We vacate the sentence and remand to allow the district court to elicit objections from Moultrie on the imposition of his sentence and to give the district court an opportunity to consider those objections and to explain more fully the reasons for imposing the chosen sentence.

VACATED AND REMANDED.