[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10429
Non-Argument Calendar
_____

D. C. Docket No. 08-10056-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 28, 2009)

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Rafael Lopez appeals from the 60-month sentence he received as a result of

pleading guilty to one count of conspiring to encourage and induce aliens to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He argues that his sentence is unreasonable because the judge, citing Lopez's prior conviction under the same statute, deviated nineteen months above the applicable guideline range of 33-41 months, an increase of roughly 50% of the suggested high end guideline sentence and almost 100% greater than the low end. Lopez claims this is unreasonable because the guideline range already reflected that conviction, specifically pointing to the fact that he received (1) a two-level increase in his offense level under U.S.S.G. § 2L1.1(b)(3)(A) because he had a previous conviction for a felony immigration and naturalization offense and (2) two criminal history points for that conviction, which increased the length of the guidelines range.

We review a defendant's sentence for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. § 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) [the sentencing guidelines range;] (5) any pertinent policy statement [of the Sentencing Commission;] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The district court shall then impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of 18 U.S.C. § 3553(a)(2). Id.

We have recognized that "there is a range of reasonable sentences from which the district court may choose[.]" Talley, 431 F.3d at 788. Furthermore, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[.]" United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). A district court may impose a variance if it determines that "the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." Rita v. United States, 551 U.S. 338, ___, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007) (citation

3

omitted).  The Supreme Court has rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range."  Gall, 552 U.S. at ___, 128 S.Ct. at 595.  The Court clarified, however, that "a major departure should be supported by a more significant justification than a minor one."  Id. at ___, 128 S.Ct. at 597.

In this case, the district court upwardly departed from the guideline range, giving the following justification:

> One would have thought, hoped, that a period of incarceration for smuggling activity would be sufficient to the ordinary criminal to refrain from engaging in similar activity in the future.  Obviously it wasn't in this case.  So, I think it's appropriate to impose a sentence above the guideline range in order to protect the public and provide adequate deterrence, to promote respect for the law. Obviously recidivism of similar activity does not demonstrate that type of respect for law.

Beyond Lopez's criminal history and the general need for more effective deterrence, the district court considered other § 3553(a) factors in imposing the upward variance, including the seriousness of the offense and the nature and circumstances of the conduct.

By focusing only on Lopez's criminal history, without providing any other justification as to the need to deviate almost fifty percent above the high end of the

4

guideline range,[1] we believe the district court abused its discretion in concluding that this 60-month sentence was sufficient but not greater than necessary.[2]

**REVERSED.**

---

[1] During a colloquy with the judge, Lopez's counsel acknowledged that it was within the court's discretion to consider the previous conviction in deviating above the guideline range, despite the conviction's role in helping to dictate that range. However, the judge's ability to do so does not then give free rein to impose any sentence above without first adequately justifying that decision.

[2] This case is traveling with United States v. Sotolongo, 09-10427.