[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10427
Non-Argument Calendar

_____

D. C. Docket No. 08-10056-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO SOTOLONGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 28, 2009)

Before BIRCH, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Roberto Sotolongo appeals from the 48-month sentence he received as a

result of pleading guilty to one count of conspiring to encourage and induce an alien to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I). He argues that his sentence is unreasonable because the judge upwardly departed from the applicable guideline range by eighteen months on the grounds that Sotolongo had illegally entered into the United States four months earlier. Sotolongo further asserts that the district court improperly considered his race and nationality. Finally, he argues that the court based his sentence on factual findings not proven by a preponderance of the evidence.

We review a defendant's sentence for reasonableness. United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available; (4) [the sentencing guideline range;] (5) any pertinent policy statement [of the Sentencing Commission;] (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

The district court shall then impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of 18 U.S.C. § 3553(a)(2). Id.

We have recognized that "there is a range of reasonable sentences from which the district court may choose[.]" Talley, 431 F.3d at 788. Furthermore, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[.]" United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted). A district court may impose a variance if it determines that "the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." Rita v. United States, 551 U.S. 338, ___, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007) (citation omitted). The Supreme Court has rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." Gall, 552 U.S. at ___, 128 S.Ct. at 595. The Court clarified, however, that "a major departure should be supported by a more significant justification than a

3

minor one." Id. at ___, 128 S.Ct. at 597.

In this case, Sotolongo has not satisfied his burden of establishing that his sentence was unreasonable. The district court gave him a sentence over fifty percent greater than the high end of the guideline range. The district court noted that Sotolongo had entered the United States illegally only four months before committing this crime, and more importantly, that this entry was not reflected in the PSI calculation of his criminal history.[1] The district court further acknowledged that it had considered the § 3553(a) factors and determined that a sentence above the guideline range appropriately reflected the seriousness of the offense and the need for just punishment and deterrence.[2]

As to Sotolongo's argument that the court improperly considered race and national origin, it is true that they are not relevant factors in the determination of a defendant's sentence. U.S.S.G. § 5H1.10. However, the district court inquired about Sotolongo's nationality in the context of determining whether he had entered the United States illegally; nothing in the record suggests that the court sentenced

_____

[1] It also noted that Sotolongo's crime was a drain on the Coast Guard's resources. However, this rationale is equally applicable in any other case, as law enforcement resources are inevitably used in the pursuit of illegal activity.

[2] We note in passing that Sotolongo appears to challenge the reasonableness of his sentence for the first time on appeal. This court ordinarily reviews objections to sentencing issues not raised in the district court for plain error. United States v. Zinn, 321 F.3d 1084, 1088 (11th Cir. 2003). Given that Sotolongo's argument fails under reasonableness review, it certainly would do so under a plain error review.

4

Sotolongo based on his race or nationality.

As to Sotolongo's final argument regarding the court's reliance on unproven factual findings, the burden is on the government to establish by a preponderance of the evidence any disputed fact that provides a basis for a defendant's sentence. United States v. Ndiaye, 434 F.3d 1270, 1300 (11th Cir. 2006). Sotolongo, however, fails to points to any specific factual findings made by the district court that were unproven. Therefore, his claim that the court based his sentence on factual findings not proven by a preponderance of the evidence must fail.

For the reasons discussed above, we hold that the district court did not abuse its discretion in imposing this sentence on Sotolongo and accordingly we affirm.[3]

**AFFIRMED.**

---

[3] This case is traveling with United States v. Lopez, 09-10429. Unlike in Lopez, the district court here focused on an aspect of Sotolongo's criminal history that was not encapsulated by the PSI and therefore not reflected in his guideline range. Thus, the court sufficiently explained his decision to upwardly depart from the Guidelines.