[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12965
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20179-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAFAEL LOPEZ-MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2018)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Rafael Lopez-Morales received a sixty-month, statutory-maximum sentence after pleading guilty to one count of encouraging and inducing aliens to enter the United States, 8 U.S.C. § 1324(a)(1)(A)(iv), (v)(II).  On appeal, he challenges this sentence, which varies upward from the applicable Guidelines range of thirty-one to forty-one months.  Lopez makes two arguments:  (1) the District Court based its upward variance "solely" on Lopez's criminal history, a factor already accounted for in his Guidelines range, and therefore failed to consider relevant 18 U.S.C. § 3553(a) factors and imposed a sentence greater than necessary to achieve the purposes of sentencing; and (2) in considering Lopez's criminal history, the Court did not account for the nature and circumstances of his prior offenses.  We affirm Lopez's sentence.

We review the reasonableness of a sentence, whether inside or outside the Guidelines range, under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  The party challenging a sentence has the burden of proving that the sentence is unreasonable in light of the record.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2).[1]  18 U.S.C. § 3553(a).  A sentence

---

[1] These purposes include the need to deter criminal conduct, promote respect for the law, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A)–(C).  In sentencing a defendant district courts must also consider, among other factors, the nature and

outside the Guidelines range need not be justified by extraordinary circumstances. *Gall*, 552 U.S. at 47, 128 S. Ct. at 595.  Further, the weight given to any specific § 3553(a) factor is left to the sound discretion of the district court, *United States v. Garza-Mendez*, 735 F.3d 1284, 1290 (11th Cir. 2013), and the court may consider factors already accounted for in the Guidelines range.[2]  The district court must only acknowledge that it considered the defendant's arguments at sentencing and the § 3553(a) factors; it is not required to expressly discuss each factor.  *Garza-Mendez*, 735 F.3d at 1290.  However, the district court abuses its discretion if it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor substantial weight, or commits a clear error of judgment by unreasonably balancing the proper factors.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Here, the District Court did not abuse its discretion by basing its upward variance in part on Lopez's criminal history.  The offense before us represents Lopez's third alien-smuggling offense.  He was sentenced to one year and one day of imprisonment for his first violation and forty-eight months of imprisonment for

---

circumstances of the underlying violation, the history and characteristics of the defendant, the kinds of sentences available, and the applicable Guidelines range.  *Id.* § 3553(a)(1), (a)(3)–(4).

[2] *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (per curiam) (reasoning that although the defendant's previous offenses were part of the Guidelines calculation, those offenses fit squarely in the § 3553(a) criminal history and characteristics factors and could thus properly be considered by the district court); *United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007) (determining that a district court could rely on factors in imposing an upward variance that were already included in a Guidelines enhancement).

3

his second.[3]  Further, in the time between Lopez's second and third alien-smuggling offenses, he acquired Florida convictions for grand theft and trafficking in a controlled substance.  He was on state probation when committing the instant offense.  The District Court could consider this criminal history in imposing an upward variance even though it was already calculated into the applicable Guidelines range.[4]

What's more, in imposing Lopez's sentence the District Court expressly noted the need to protect the public from further immigration-related crimes, and discussed the need to impose a sentence harsher than those imposed for Lopez's previous alien-smuggling convictions—presumably for reasons including deterrence.  The Court also considered that Lopez committed this crime while on state probation.  Finally, the Court noted at sentencing that Lopez was originally charged with twenty-one counts of alien smuggling but pleaded guilty only to one.  The Court stated, "[Lopez's] lawyer was not only competent, but extremely successful in achieving a one-count [sic] and dismissal of the other counts,

---

[3] For this second offense, Lopez originally received a sixty-month sentence from the District Court.  In *United States v. Lopez*, 343 F. App'x 484, 486 (11th Cir. 2009) (per curiam), however, this Court reversed, stating, "By focusing only on Lopez's criminal history [of one prior alien-smuggling conviction], without providing *any other* justification as to the need to deviate almost fifty percent above the high end of the guideline range, we believe the district court abused its discretion in concluding that this 60-month sentence was sufficient but not greater than necessary."  (Footnote omitted).  The case before us is distinguishable, as Lopez's criminal history is now more extensive—he has two alien-smuggling convictions and two state convictions—and the district court did not rely solely on Lopez's criminal history in varying upward.

[4] *See supra* note 2.

4

knowing that most judges, most of the time, with a repeat offender committing the same crime, would give consecutive sentences."  Hence the Court did not base Lopez's varied sentence "solely" upon his criminal history and, on the whole, did not impose a sentence greater than necessary to achieve the purposes of sentencing.

The District Court also did not abuse its discretion by, as Lopez contends, failing to account for the difference between Lopez's prior alien-smuggling offenses and this one.  The gist of Lopez's argument is that his first two offenses were more egregious than his third—the first offense involved fleeing from the Coast Guard and the second involved, *inter alia*, conditions promoting greater danger to the aliens.  His sentence for his third offense, he asserts, should not be the harshest, thus indicating that the Court sentenced him "without regard to the circumstances of [his previous] offenses."  This argument is flawed.  It asks that this Court blind itself of Lopez's criminal history and issue a sentence based solely on conduct.  That this was Lopez's third alien-smuggling offense, however, is a proper consideration for imposing a sentence greater than those imposed for Lopez's previous violations.  The Court could also consider that Lopez had committed two state crimes since his second alien-smuggling conviction, and that he committed the instant offense while on state probation.

Accordingly, we affirm Lopez's sentence.

**AFFIRMED.**