[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 17-15135
Non-Argument Calendar

————————————————

D.C. Docket No. 8:17-cr-00242-SDM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR BERMUDEZ-RUIZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(July 3, 2018)

Before BRANCH, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Victor Bermudez-Ruiz appeals his twenty-four-month sentence following a plea of guilty to one count of unlawful reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a).[1] Bermudez-Ruiz argues that his sentence is unreasonable because the district court placed significant weight on his seven previous removals from the United States and failed to consider the need to avoid disparities among sentences for similarly situated defendants. Because we find Bermudez-Ruiz's sentence reasonable, we affirm.

A district court must select a sentence that is "sufficient, but not greater than necessary," to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a).  In making such selection, the district court must consider (1) the nature and circumstances of the offense and the characteristics of the defendant, (2) the kinds of sentences available, (3) the sentencing guideline range, (4) the pertinent policy statements of the Sentencing Commission, (5) the need to avoid sentencing disparities among similarly situated defendants, and (6) any need for restitution to victims. *Id.* Although the district court must consider all of the

---

[1] "[A]ny alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter . . . enters, attempts to enter, or is at any time found in, the United States . . . [unless] the Attorney General has expressly consented to such alien's reapplying for admission [or] . . . unless such alien shall establish that he was not required to obtain such advance consent . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both." 8 U.S.C. § 1326(a).

§ 3553(a) factors, it is not required to discuss each factor on the record. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The weight given to each factor is a matter committed to the discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). And the district court is free to "attach great weight to one factor over others." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotation omitted).

We review the reasonableness of a sentence for abuse of discretion. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).[2] We first determine if the district court committed a significant procedural error such as miscalculating the guideline range, treating the Sentencing Guidelines as mandatory, failing to consider the relevant § 3553(a) factors, selecting a sentence based on erroneous facts, or failing to explain the sentence selected. *Gall v. United States*, 552 U.S. 38, 51 (2007). Assuming we find no procedural error, we then ask whether the sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id.* The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371,

---

[2] Although Mr. Bermudez-Ruiz failed to preserve his objection to his sentence, the district court failed to give the parties an opportunity to object as required by *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds sub nom, United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993) (en banc). In such a situation, this Court normally vacates the sentence and remands for the parties to present their objections. *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007). Remand, however, is unnecessary "when the record on appeal is sufficient to enable review." *Id.* The parties agree that in this case the record on appeal is sufficient to enable review.

1378 (11th Cir. 2010). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). The Guidelines are only one factor the district court is to consider, and we "may not presume that a sentence outside the [G]uidelines is unreasonable." *Id.* at 1187.

On June 22, 2017, Bermudez-Ruiz pled guilty to one count of unlawful reentry into the United States by a previously deported alien under 8 U.S.C. §1326(a). According to the Presentence Investigation Report, Bermudez-Ruiz, a Mexican national, was first deported from the United States in May 2008. Later the same month he was convicted of unlawful reentry, sentenced to thirty days in jail, and then deported. He was deported again in May 2009 and twice in June 2009. In 2011, he was convicted of driving under the influence and sentenced to forty-five days in jail. He was deported again in early February 2012. Then in late February 2012, he was convicted of illegal reentry, sentenced to seventy-five days, and deported. In June 2015, he was convicted of driving under the influence with blood alcohol content above .15 and driving without a license; he was sentenced to eleven months of probation. In total, Bermudez-Ruiz had previously been deported

4

from the United States seven times. The Presentence Investigation Report indicated that the sentencing guideline range was six to twelve months' imprisonment. The government argued for a sentence of twelve months and Bermudez-Ruiz argued for an eight-month sentence.

The district court sentenced Bermudez-Ruiz to twenty-four months' imprisonment followed by one year of supervised release. The district court stated on the record that it considered the guideline range, the policies of the Sentencing Commission, and the relevant factors under § 3553(a). In varying upward from the Guidelines, the district court placed significant weight on Bermudez-Ruiz's seven prior deportations which the court said reflected an unbroken disregard and contempt for the laws of the United States. The court also considered Bermudez-Ruiz's history of steady alcohol abuse and his statement that he had been physically attacked by members of a Mexican gang because he refused to work for the gang. The district court indicated that there could be other less generous explanations for the attack. The district court determined that in any event Bermudez-Ruiz's series of unlawful reentries reflected an unacceptable disregard for the law. Therefore, the court determined that a twenty-four-month sentence was necessary to promote respect for the law, protect the community, and deter Bermudez-Ruiz and others from engaging in similar conduct.

On appeal Bermudez-Ruiz argues only that his sentence is substantively unreasonable. Bermudez-Ruiz claims that the district court should not have considered his prior unlawful entries because they were already assessed as part of calculating the guideline range. That argument lacks merit. We have expressly stated that "a district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement" under the Guidelines. *United States v. Rodriguez,* 628 F.3d 1258, 1264 (11th Cir. 2010). Particularly relevant to this case, a defendant's previous criminal offenses "fit[] squarely into" the § 3553(a) factors and are a proper consideration for the district court. *United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008); *see also United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012) (finding no clear error in a district court's decision to give "great weight to Early's three bank robberies within a week, and to his substantial criminal history"). And in any event, the guideline range only accounted for two of Bermudez-Ruiz's seven previous unlawful entries into the United States.

Moreover, the district court explained its reasons for relying on Bermudez-Ruiz's criminal offenses.[3] Bermudez-Ruiz's unbroken disregard for the law resulting in seven deportations indicated that a twenty-four-month sentence would

---

[3] The district court also explained that it was not considering two criminal charges mentioned in the Presentence Investigation Report. We are not considering those charges either.

be necessary to deter him from engaging in similar conduct in the future and to promote respect for the law. We find that explanation reasonable.

We also find unpersuasive Bermudez-Ruiz's argument that the district court erred by placing significant weight on a single factor—his seven prior unlawful entries into the United States. We have explained that the weight to accord each factor under § 3553(a) is a matter committed to the sound discretion of the district court, *Clay*, 483 F.3d at 743, and the court is permitted to "attach great weight to one factor over others," *Rosales-Bruno*, 789 F.3d at 1254 (quotations omitted). The district court justified its reliance on Bermudez-Ruiz's seven prior deportations, explaining that Bermudez-Ruiz's actions reflected "an unbroken disregard for, if not an act of, contempt for the laws of the United States." Accordingly, the district court reasonably determined that a twenty-four-month sentence would be necessary to promote respect for the law and deter Bermudez-Ruiz and others from engaging in similar conduct. In particular, Bermudez-Ruiz had been incarcerated for illegal reentry on two occasions, once for thirty days and once for seventy-five days, so it was reasonable for the district court to conclude that a longer incarceration would be necessary to deter Bermudez-Ruiz from similar conduct in the future. It was also reasonable for the court to find the need to protect the public justified an upward variance in light of Bermudez-Ruiz's two convictions for driving under the influence.

Bermudez-Ruiz's reliance on this Court's unpublished opinion in *United States v. Lopez*, 343 F. App'x 484 (11th Cir. 2009) is misplaced. In that case we reversed a sentence because the district court relied exclusively on the defendant's criminal history and failed to provide "*any other* justification" for its decision. *Lopez*, 343 F. App'x at 486. Here, although the district court placed great weight on Bermudez-Ruiz's criminal history, it considered other relevant factors as well. The court explained that it considered Bermudez-Ruiz's personal history, including his abuse of alcohol. The district court also considered Bermudez-Ruiz's claim that he had been attacked by a gang in Mexico because he refused to work for the gang. It appears from the record that the district court did not find Bermudez-Ruiz's story credible, but, even if it had, the court could still have found that his disregard for the law justified the sentence imposed. In other words, the district court determined that the need for deterrence and promotion of respect for the law outweighed Bermudez-Ruiz's argument in favor of a shorter sentence. We do not find abuse of discretion in such decision.

Finally, Bermudez-Ruiz has failed to provide any information to show that similarly situated defendants have received or will receive shorter sentences. And as the party challenging the sentence, he has the burden of presenting such information in order to show that his sentence is unreasonable. *Tome*, 611 F.3d at 1378. In any event, we have previously upheld sentences similar to the one

8

imposed here, though in unpublished opinions. *See United States v. Harris*, No. 17-14814, 2018 WL 1887458, at \*3 (11th Cir. Apr. 20, 2018) (upholding a twenty-four-month sentence, which reflected a sixteen-month variance from the top of the guideline range of two to eight months, based on the defendant's previous deportation for a felony drug conviction); *United States v. Cortes-Pacheco*, 336 F. App'x 932, 933 (11th Cir. 2009) (upholding a twenty-month sentence, a fourteen-month variance from a zero to six month guideline range, for unlawful reentry into the United States based on the defendant's three previous deportations).

The district court explained its reasons for imposing an upward variance based on the § 3553(a) factors and acted within its discretion to give great weight to Bermudez-Ruiz's previous criminal conduct. Having found Bermudez-Ruiz's sentence reasonable, we affirm.

**AFFIRMED.**