[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10456

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDUARDO GARCIA-VELAZQUEZ,
a.k.a. Eduardo Garcia Jeronimo,
a.k.a. Eduardo Garcia-Velasquez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:18-cr-00351-TFM-B-1

_____

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Eduardo Garcia-Velazquez appeals his 12-month imprisonment sentence, an upward variance from the advisory guideline range of 0-6 months, for illegal reentry to the United States after previous removals. Garcia-Velazquez raises two arguments. First, he asserts that the sentence is substantively unreasonable because, in weighing the 18 U.S.C. § 3553(a) sentencing factors, the district court allegedly placed too much weight on his pending driving-under-the-influence ("DUI") charge in state court. Second, he contends that, after the district court imposed sentence, it committed plain error in making comments to the arresting officer about Garcia-Velazquez's pending DUI charge. After careful review, we affirm.

**I.**

Garcia-Velazquez was arrested by the Fairhope Police Department in Alabama on October 8, 2018, for DUI. A fingerprints cross-check revealed that Garcia-Velazquez had been previously

deported in 2013 and 2016 and was not lawfully present in the United States. A grand jury indicted him for being found unlawfully in the United States after deportation, in violation of 8 U.S.C. § 1326(a).

Garcia-Velazquez pled guilty to the one count of illegal reentry after deportation. Neither the government nor Garcia-Velazquez objected to the presentencing investigation report ("PSR"), which recommended an offense level of 6 and a criminal-history score of I, corresponding to a sentencing range of 0-6 months. The court adopted the PSR's factual findings as its own.

When Garcia-Velazquez first appeared for sentencing, the district court continued the hearing because it wanted more information about the DUI arrest. Sentencing resumed about a month later, and the court heard testimony from the arresting officer about the DUI arrest. The officer testified that he was responding to a dispatch call about a car leaving the scene of an accident. He located the vehicle and observed it swerving on the road. When he pulled the car over, Garcia-Velazquez was driving, and the officer detected the smell of alcohol and saw opened containers of alcohol. The officer then obtained breath samples from Garcia-Velazquez. They tested over the legal limit.

Garcia-Velazquez argued that the court's consideration of an unadjudicated DUI charge put him in a difficult position because, he argued, he was unable to testify without risking self-incrimination in the pending state proceeding. Defense counsel informed the court that Garcia-Velazquez denied being in an

accident before encountering the officer.  Counsel also argued that the charge was already accounted for by his guideline range.

The district court ultimately sentenced Garcia-Velazquez to 12 months' imprisonment.  It arrived at this sentence after imposing an upward variance because Garcia-Velazquez was twice deported previously and, on this occasion, arrested for drunk driving at the time he was found unlawfully in the country.  Garcia-Velazquez objected to the sentence.

At the conclusion of the sentencing hearing, the court commented to the present police officer,

> In addition, I would say, Officer, I know that you do have the pending DUI charge. Oftentimes I think local prosecutors and judges decide for whatever reason that the case has been dealt with by federal authorities and maybe they dismiss it or they run it concurrently. I hope that you don't. And I would ask that you ask the prosecutor not to dismiss it and to ask the judge to punish it as he sees fit, if he is convicted, after a trial or plea. I'm a taxpayer too and I don't like to have my tax dollars spent any more than anybody else. But when people drive under the influence, they can kill people. And I personally feel like we ought to pay to keep people like that separated from the rest of the law-abiding public. But that's a decision for the prosecutor and for the judge in that case and a jury, if he decides to go to trial.

On appeal, Garcia-Velazquez argues that his sentence is substantively unreasonable for several reasons. He argues the court's comments at sentencing evince a bias against DUI offenders that led it to improperly weigh the relevant 18 U.S.C. § 3553(a) sentencing factors. He also contends the sentence was greater than necessary to account for the § 3553(a) factors and that the court's unjustified reliance on an unadjudicated DUI charge in state court led it to ignore other relevant factors, including the benefits conferred by the plea agreement.

## II.

We address the substantive reasonableness of the sentence first. In so doing, we review for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). When examining the substantive reasonableness of a sentence, we consider the totality of the circumstances and the § 3553(a) factors. *Id.* at 936. The party challenging the sentence must show that it is unreasonable, considering the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2). The court must also consider factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, and the guideline range. *Id.* § 3553(a)(1), (4). A district court

need not address every factor; rather, simply acknowledging that it considered the § 3553(a) factors and the parties' arguments is usually sufficient. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021).

The district court abuses its discretion if, among other things, it commits a clear error of judgment when considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The court's unjustified reliance on a single factor may be a symptom of an unreasonable sentence. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013); *United States v. McQueen*, 727 F.3d 1144, 1161 (11th Cir. 2013) (holding that a sentence was substantively unreasonable where the district court focused "virtually exclusively" on one factor and nearly abandoned consideration of other relevant factors). Nonetheless, the district court may attach great weight to a single factor. *See Gall v. United States*, 552 U.S. 38, 57 (2007) (explaining that the district court "quite reasonably attached great weight to the fact that Gall voluntarily withdrew from the conspiracy"). The weight given to any § 3553(a) factor is left to the sound discretion of the district court, and we will not substitute our own judgment by reweighing these factors. *Kuhlman*, 711 F.3d at 1327.

When the district court decides to vary from the guideline range, the justification for a variance must be "sufficiently compelling to support the degree of the variance." *Irey*, 612 F.3d at 1187 (quoting *Gall*, 552 U.S. at 50). But there is no presumption that a sentence outside the Guidelines is unreasonable. *Id*. Instead, we

give "due deference" to the district court's assessment that the § 3553(a) factors justify the variance. *Id.* A sentence imposed well below the statutory maximum is an indicator of reasonableness. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). The statutory maximum prison sentence for the unlawful reentry of a previously removed alien is two years. 8 U.S.C. § 1326(a).

There are no limitations on the information a sentencing court may receive and consider about the background, character, and conduct of the person convicted of an offense, 18 U.S.C. § 3661, provided it is reliable and, if in dispute, proved by a preponderance of the evidence. *See United States v. Washington*, 714 F.3d 1358, 1362 (11th Cir. 2013). For instance, the sentencing court can consider uncharged and acquitted conduct when determining the appropriate sentence. *United States v. Maitre*, 898 F.3d 1151, 1160 n.6 (11th Cir. 2018). Even if a defendant's conduct is "completely unrelated to his offense of conviction," it may be considered as part of his history and characteristics and other factors under § 3553(a) and, therefore, it may be considered when imposing a variance. *United States v. Overstreet*, 713 F.3d 627, 638 n.14 (11th Cir. 2013).

Here, the district court did not abuse its discretion varying upward from an advisory guideline sentence of 0-6 months and in imposing a 12-month sentence. Garcia-Velazquez's contention that the district court unjustifiedly focused solely on the DUI conduct and improperly weighed the § 3553(a) factors is unconvincing.

The district court adequately justified its upward variance with reference to the § 3553(a) factors.  The court is not required to address every § 3553(a) factor but it did so satisfactorily here.  The court found that the advisory guideline range was not appropriate to the "facts and circumstances" of this case, and in view of the particular danger of driving under the influence of alcohol, imposed a sentence that properly addressed the "[offense's] seriousness[] and the sentencing objectives of punishment, deterrence, and incapacitation."  The judge explained that driving under the influence is an "incredibly dangerous thing" that "puts the public [and] property at risk."  And he reasoned that Garcia-Velazquez's sentence does not treat similarly situated defendants differently because the DUI conduct is an aggravating factor that differentiates Garcia-Velazquez from other illegal-reentry defendants.  The court thus expressed its justification for the upward variance in its weighing of the § 3553(a) factors.

As to Garcia-Velazquez's argument that the district judge's consideration of pending charges violated his Fifth Amendment right by forcing him to either testify or live with the district court's view of the charges, we disagree.  First, the district court heard testimony from the arresting officer, and defense counsel cross-examined him.  At no point did defense counsel ask any questions of the officer that called into question his testimony that Garcia-Velazquez's breath tested above the legal limit for alcohol, even though Garcia-Velazquz provided only a "partial sample [and] did not blow to the full extent that he was supposed to."  And second,

defense counsel proffered Garcia-Velazquez's position on the pending charges, and she said that he "wholeheartedy denie[d] being in an accident prior to the officer's encounter with him." At no point did she ever challenge the evidence that Garcia-Velazquez was driving while under the influence.

On this record, the district court acted within its discretion in taking into account the pending DUI charge. *See* 18 U.S.C. § 3661 (permitting district courts to consider, without limitation, "the information concerning the background, character, and conduct of a person convicted of an offense . . . for the purpose of imposing an appropriate sentence.").

The district court also did not unjustifiedly focus solely on the DUI conduct. Rather, the court also accounted for Garcia-Velazquez's previous deportations. Thus, while the district court placed "great weight" on the Garcia-Velazquez's DUI arrest, the court did not unjustifiedly rely on a single factor.

Nor did the district court fail to consider other relevant factors. The court indicated it factored Garcia-Velazquez's mitigating circumstances into its consideration. For example, the court noted that Garcia-Velazquez was in Alabama to earn money to send to his ailing parents in Mexico and that he has family in the country. The judge sympathized, expressing that he might have done the same in those shoes. Still, though, the court weighed the factors and decided that the aggravating circumstances outweighed the mitigating ones. While a sentence must not be greater than necessary to comply with the factors listed under § 3553(a)(2), the district

court is owed significant deference on this determination. *See Irey*, 612 F.3d at 1194–95. We also note that the sentence is half the statutory maximum of two years, an indicator of reasonableness. *Stanley*, 739 F.3d at 656.

### III.

Next, we turn to Garcia-Velazquez's claim that the district court plainly erred in its comments to the arresting officer about Garcia-Velazquez's DUI arrest. We review for plain error when, as here, a defendant fails to object to a judge's comments at sentencing. *United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th Cir. 2010). To establish plain error, the defendant must show (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Margarita Garcia*, 906 F.3d 1255, 1266. If the defendant can make this showing, we may then exercise our discretion "to notice a forfeited error, but only if (4) the error seriously affect[ed] the fairness of the judicial proceedings." *Id.* at 1266–67. An error is plain "when it flies in the face of either binding precedent or the explicit language of a statute or rule." *United States v. Bankston*, 945 F.3d 1316, 1318 (11th Cir. 2019) (citation and quotation marks omitted).

In the context of recusals under 28 U.S.C. § 455(a), the Supreme Court has held that judicial remarks during the course of a trial that are critical, disapproving, or even hostile to a party do not ordinarily support a challenge that the judge is biased. *Liteky v. United States*, 510 U.S. 540, 541, 555 (1994). That said, though, such remarks will support a challenge if "they reveal such a high

degree of favoritism or antagonism as to make fair judgment impossible." *Id.* at 555. For example, the Supreme Court noted a case involving German-American defendants where the district court was alleged to have said, "One must have a very judicial mind, indeed, not [to be] prejudiced against the German-Americans because their hearts are reeking with disloyalty." *Id.* (quotation marks omitted).

Under the Code of Conduct for United States Judges, "[a] judge should not make public comment on the merits of a matter pending or impending in any court"; but this limitation "does not extend to public statements made in the course of the judge's official duties." Code of Conduct for United States Judges, Canon 3(A)(6) (2019).

Here, Garcia-Velazquez cannot show plain error. For starters, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Garcia-Velazquez relies on *Liteky*, but the comments in *Liteky* were nothing like the district judge's remarks here. In *Liteky*, the district judge stereotyped the defendant because of his cultural heritage. Here, though, the district judge did no such thing. He noted the damage and harm drunk drivers can inflict. That is a statement of fact, not a stereotype. And significantly for purposes of considering the Code of Conduct for United States Judges, the judge did not comment on the merits of the charge

pending against Garcia-Velazquez. On the contrary, he expressly qualified his comments, opining that Garcia-Velazquez should be punished "if he is convicted." In short, Garcia-Velazquez cannot point to a rule or statute that specifically precludes the district judge's remarks, and no precedent of our Court or the Supreme Court shows the district judge's comments constitute plain error.

Garcia-Velazquez appears to have relatedly attempted to raise a claim that the district court erred under *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136, 1137 (11th Cir. 1993) (en banc), by allegedly failing to "elicit fully articulated objections . . . to the court's ultimate findings of fact and conclusions of law" after it "states its factual findings, applies the guidelines, and imposes sentence."

But Garcia-Velazquez failed to present arguments in support of this claim and referenced it only in the background of a different argument. So Garcia-Velazquez abandoned the issue. As we have explained, an abandoned issue can either be waived or forfeited. *United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (*en banc*) (noting that jurists interchangeably use the words "waived," "forfeited," and "abandoned"). Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right. *See id.* (stating the practical effect is that forfeited issues can be raised *sua sponte* in extraordinary circumstances, while waived issues cannot). To avoid forfeiting an issue, an appellant's initial brief must plainly and prominently raise

it by devoting a discrete section of his argument to the claim; simply stating that an issue exists, without further argument or discussion, constitutes forfeiture. *See United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021). A defendant also forfeits an objection to his sentence if he "makes only passing references to it that are background to other arguments or [are] buried within other arguments, or both." *United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019) (quotation marks omitted). As we have explained, here, Garcia-Velazquez has abandoned any *Jones* claim.

## IV.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**